[L. A. No. 1122.  Department One.—September 5, 1902.]

## MARY COOPER, Respondent, v. LOS ANGELES TERMINAL RAILWAY COMPANY, Appellant.

NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY—APPEAL.—Where the plaintiff was injured by collision with an approaching train while driving across the defendant's track, and there is evidence tending to show that the defendant was negligent in approaching the crossing at a high rate of speed, without warning of bell or whistle, and that its approach was hidden from plaintiff's view, and that plaintiff exercised considerable caution in approaching the track, the question of negligence and contributory negligence is one of fact for the jury, and their verdict against the defendant will not be disturbed upon appeal.

ID. — INSTRUCTION — UNLAWFUL SPEED — RECKLESS RATE — FACTS NOT IN ISSUE—PROVINCE OF JURY.—Where the complaint did not aver an unlawful rate of speed, but did aver that the train approached the crossing at a rapid and dangerous rate of speed, an instruction requested by the defendant that the evidence did not show an unlawful or reckless rate of speed was addressed to facts not in issue and usurped the province of the jury upon the question of a reckless rate of speed within the boundaries of a city.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial.  M. T. Allen, Judge.

The facts are stated in the opinion of the court.

Gibbon, Thomas & Halstead, for Appellant.

R. H. Knight, and Nathan Newby, for Respondent.

GRAY, C.—The plaintiff in driving across defendant's track on a street in South Pasadena was struck by defendant's train and seriously injured, for which she brought this action and obtained a verdict and judgment for four thousand dollars.  The defendant appeals from an order denying its motion for a new trial.

1. The principal contention of appellant is, that the verdict is contrary to evidence, for the reason that the evidence shows that plaintiff's injury was the result of her own negligence in crossing the track without keeping a proper lookout for the train.  The plaintiff testified, in substance, that before going

upon the track she stopped her carriage a short distance from, and at a point where she would have a clear view of, the track each way and looked and listened for a train; but not seeing or hearing any, advanced to the track, looking all the time as best she could for an approaching train, and first saw the train when her horse was already on the track. She then struck the horse, but the locomotive caught the hind wheels of her vehicle and wrecked it, at the same time throwing her a great distance. The evidence further tends to show that there is a curve in the track of defendant at the point of the collision, and that the train, coming from the direction it did at the time of plaintiff's injury, emerges from a cut between five hundred and six hundred feet from said point, and cannot be seen for a greater distance than that from any place on the course traveled by plaintiff as she approached defendant's track. It also appears that there is a tree and a railroad-station building between where plaintiff stopped to look and listen and the railroad track, and that these objects had the effect to shut off plaintiff's view from parts of the track as she passed on towards the same. Plaintiff testified that she heard no bell or whistle, and several witnesses who were in positions to hear testified that no whistles, bells, or other alarms were sounded as the train approached the crossing, but that the train seemed to be coasting down a descending grade, and ran with unusual quietness at a rate of fully thirty miles an hour. The plaintiff is also corroborated by other witnesses in the matter of having stopped to look and listen for the train. In support of the verdict and the conclusion reached by the trial judge in denying a new trial, this evidence must all be taken as true. The jury seem to have concluded that the injury to plaintiff was the proximate result of defendant's failure to give the usual warnings on approaching the crossing, and was not to be attributed to any contributory negligence on the part of plaintiff. We cannot say that this was an unreasonable conclusion to draw from the facts presented, and, therefore, cannot say that the verdict was, as a matter of law, without support in the evidence. It was for the jury to sift the testimony and determine which of the conflicting witnesses told the truth, and then, having ascertained the facts, it was for them to say, under proper instructions as to the law, whether

the conduct of plaintiff on approaching the track was free from negligence and accompanied with ordinary care. Of course, there are some cases where contributory negligence is so clearly and unequivocally shown that the appellate court is warranted in declaring, as a matter of law, that it should defeat the plaintiff's recovery. These are cases where but one reasonable conclusion can be drawn from the evidence. As a general rule, however, negligence is a question of fact for the jury or the trial judge to determine on the evidence presented. Here there was evidence tending to show that plaintiff exercised considerable caution in approaching the track to ascertain if a train was in dangerous proximity to her. The jury have impliedly found on this evidence that she used all necessary caution; and to set aside the verdict here on the ground urged would be to interfere with the rights of parties to have their disputes as to mere questions of fact determined in the trial court; and this we may not do.

2. Nor do we think that there was any error of law upon the trial of the case. The defendant requested the court to instruct the jury that "the evidence produced upon the trial of this action fails to show that defendant's train which collided with the plaintiff's vehicle, and thereby injured her, was being at the time of such collision run at an unlawful or reckless rate of speed." This instruction was directed to facts not in issue under the pleadings. There was no averment in the complaint that the train was run at an unlawful rate of speed. The allegation of the complaint was to the effect that the company caused its train to approach the crossing "at a *rapid* and dangerous rate of speed,—to wit, at about fifty miles per hour, —and negligently and carelessly omitted while so approaching said crossing to give any warning, either by ringing the bell or blowing the whistle," etc. No ordinance or statute was put in evidence or cited to show what was a lawful or unlawful rate of speed for the city of Pasadena. Therefore, if there were no other objection to the instruction, it was properly refused, because it did not apply to the cause of action set forth in the complaint and, so far as we can see, relied upon at the trial.

The instruction was also improper because if given it would have withdrawn from the jury a question of fact that came

within their province to determine. Whether the rate of speed was reckless as well as dangerous was for the jury to determine from all the evidence. Certainly the court was not warranted in saying as a matter of law that thirty miles an hour was not a reckless rate of speed for a train to make within the boundaries of a city of the sixth class.

Defendant requested many instructions as to the duty of the plaintiff to maintain constant vigilance up to the point of danger before crossing the defendant's track. The court gave two or three of those instructions, containing the substance of the others so far as the same were free from objection. The jury was fully instructed on this subject, and there was no error in refusing to further instruct the jury.

An objection is urged to a ruling of the court on the exclusion of certain evidence, but this is not deemed of sufficient importance to require special discussion.

We advise that the order appealed from be affirmed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

Van Dyke, J., Garoutte, J., Harrison, J.