[L. A. No. 1420.   Department One.—April 16, 1904.]

## OTTO G. WILHELM, Appellant, v. DANIEL F. DONE-GAN, Respondent.

TRESPASS—UPSETTING OF BUGGY—RUNAWAY—RECOVERY LIMITED TO COMPLAINT.—In an action for injuries to plaintiff's horses, buggy, and harness, alleged to have been caused by defendant's act of trespass in upsetting the buggy while in motion, resulting in a runaway, plaintiff's recovery is limited to proof of the act of trespass alleged, and he cannot rely upon any other act of the defendant not alleged which may have caused the runaway.

ID.—INSTRUCTIONS CONSTRUED IN HARMONY.—An instruction to the effect that plaintiff could not recover unless the act of upsetting the buggy was proved by a preponderance of evidence, and another to the effect that if the jury found that defendant "wrongfully inflicted injury" upon plaintiff's horses, buggy, and harness the plaintiff is entitled to recover, are to be construed in harmony, and not in conflict; and the latter instruction must be deemed to refer to the act of injury alleged, where the court read the complaint to the jury, and the plaintiff only attempted to prove the act alleged.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Waldo M. York, Judge.

The facts are stated in the opinion.

Charles H. Mattingly, for Appellant.

Charles McFarland, and E. A. Meserve, for Respondent.

HARRISON, C.—Action for injuries to personal property.

In his complaint the plaintiff alleges that on a certain day the defendant "seized plaintiff's buggy while plaintiff's team of horses was attached thereto, and while plaintiff was seated therein, and overturned and upset said buggy, throwing plaintiff violently to the ground and causing" injury to his horses, buggy, and harness. To this complaint, which was unverified, the defendant made a general denial. The cause was tried before a jury, and a verdict rendered in favor of the defendant. From the judgment entered thereon and from an order denying a new trial the plaintiff has appealed.

The fact that the plaintiff's buggy was upset on that day, and that it, as well as the horses and harness, was seriously injured, does not seem to have been controverted at the trial,— the issue to which the evidence was chiefly directed being whether the defendant was the cause of the injury. On that day the plaintiff, with a companion, drove in the buggy to where the defendant was at work, for the purpose of collecting a bill. Soon after getting out of the buggy the plaintiff had a personal altercation with the defendant, during which harsh words were spoken and violent blows given to each other, and the plaintiff fell to the ground. Upon getting up he again got into his buggy and started to drive away. After going a short distance the buggy tipped to one side and the plaintiff and his companion were thrown to the ground; the buggy thereupon righted, and the team ran away, and in their running brought about the injury to the property.

Upon the question whether the buggy was upset by the act of the defendant or otherwise the testimony was directly contradictory. The plaintiff testified that after he had got into the buggy the defendant grabbed hold of the seat, and pulled and gave a yank on it that drew the buggy over, threw them out, and caused the horses to run away; that the defendant turned the buggy over, and continued to hang on to the seat until it upset. The defendant testified that while he may have put his hand upon the seat he did not pull on it a pound; that the buggy was eighty or a hundred feet from him when it upset. Other witnesses testified that the defend-

ant did not pull upon the buggy so as to pull it over, or have hold of it when it was upset, and that he was at least one hundred feet from it at that time. There was other testimony before the jury tending to show that after the plaintiff got into the buggy the horses were immediately started off by his companion, and, being spirited, went rapidly, and instead of going directly along the street veered into some bushes, and while going away from these curved around so sharply and with such speed that the buggy was thereby tipped to one side and the occupants thrown out, and the horses then ran away, and brought about the injury to themselves and the buggy. As the jury rendered its verdict in favor of the defendant, it must be assumed in support thereof that they found against the testimony of the plaintiff, and that the defendant did not upset or overturn the buggy. As the plaintiff therefore failed to establish this allegation of his complaint, judgment was properly rendered against him.

The court instructed the jury that in order for the plaintiff to recover it was necessary for him to show by a preponderance of evidence that the defendant did upset the buggy, and also the amount of injury sustained; and that if they should find that the defendant did not upset the buggy in the manner described by plaintiff, their verdict must be for the defendant.

It is urged by the appellant that these instructions were contradictory to another instruction, in which the court told the jury that if they found that the defendant "wrongfully inflicted injury" upon the horses, buggy, and harness, the plaintiff was entitled to recover; and that the instructions are in themselves erroneous, for the reason that the defendant should have been held liable for the injury, if it appeared from the evidence that it was caused by any wrongful act on his part other than that of upsetting the buggy.

The act of the defendant which the plaintiff alleges was the cause of the injury to his property was seizing and overturning and upsetting the buggy. The complaint does not allege that the defendant did any other act, or that the property was injured from any other cause, and the general denial in the defendant's answer rendered the proof of this allegation the pivotal point of his liability. Whether the defendant

committed other wrongful acts which may have caused the injury was not in issue, and the jury were not at liberty to consider such acts, or whether they caused the injury. The plaintiff limited his right of recovery to the injury caused by the act of the defendant set forth in the complaint, and at the trial gave testimony tending to establish this allegation. The testimony of other witnesses to the effect that the buggy was upset by reason of the horses having run away was in disproof of the allegations of the complaint and in support of the defendant's denial of the charge made therein, but did not authorize the jury to find whether the defendant caused the horses to run away. If the plaintiff would claim that the defendant caused the horses to run away, and that thereby the buggy was upset and the consequent injury sustained, he should have made such allegation in his complaint. The defendant would then have had an opportunity to deny the same, and, if necessary, meet it at the trial with proper evidence, but he cannot be held liable for such act merely for the reason that at the trial upon the issue presented to the court, evidence was presented which would have been relevant to the trial of such issue.

There was no evidence before the jury except that of the plaintiff that the injury had been caused by reason of the defendant having seized and overturned the buggy; and as this was the issue to be determined by the jury, the court very properly limited them to the consideration of this issue and to the evidence given in support thereof. As the plaintiff alone had testified respecting the manner in which the defendant had upset the buggy, there was no error in limiting the jury to determining his liability upon a consideration of his testimony.

We perceive no contradiction in the instructions. The only "wrongful injury" to the property with which the defendant is charged in the complaint was seizing and upsetting the buggy. The language of the complaint in making this charge was read to the jury in connection with the other instruction, and they must have understood that the court directed their attention to the injury which the plaintiff thus alleged that the defendant had wrongfully caused.

Certain rulings of the court and instructions to the jury with reference to the amount of damage sustained were ex-

cepted to by the plaintiff, but as the verdict was in favor of the defendant upon the main issue, and was in no respect affected by these rulings and instructions, it becomes unnecessary to consider their correctness.

The judgment and order should be affirmed.

Cooper, C., and Gray, C., concurred.

For the foregoing reasons the judgment and order are affirmed.            Angellotti, J., Shaw, J., Van Dyke, J.