[L. A. No. 3431.   Department One.—January 5, 1915.]

# C. A. COOK, Appellant, v. LOS ANGELES RAILWAY CORPORATION, Respondent.

NEGLIGENCE—DAMAGES FOR PERSONAL INJURIES—FAILURE OF PLAINTIFF TO CALL ATTENDING PHYSICIANS—PRESUMPTION OF ADVERSE TESTIMONY—INSTRUCTIONS.—In an action to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, an instruction given at the request of the defendant, in which, after stating that, by reason of the privilege defined in section 1881 of the Code of Civil Procedure, the physicians who had attended the plaintiff could not testify without his consent, it charged that if the plaintiff had failed to call them as witnesses, and showed no reason for such failure, the law presumed that their testimony would have been against him, is erroneous.

ID.—ERRONEOUS INSTRUCTION WITHOUT PREJUDICE—VERDICT AND JUDGMENT FOR DEFENDANT—INSTRUCTIONS BEARING SOLELY ON AMOUNT OF DAMAGES.—Where on the trial it was shown without contradiction that the plaintiff had suffered some injuries, but there was nevertheless a verdict and judgment for the defendant, the giving of such instruction, and also one declaring a like presumption to arise from the unexplained failure to call the plaintiff's nurse, is without prejudice, as the persons referred to could have testified on no subject other than that of the extent of the plaintiff's injuries, and the verdict could have been reached only upon a finding that, by reason of the plaintiff's own negligence, or the defendant's want of negligence, there was no liability for the injuries, whatever their extent. Under such state of the record, error in instructions bearing solely on the amount of damages could not have influenced the verdict and present no ground for reversal.

ID.—COLLISION BETWEEN AUTOMOBILE AND ELECTRIC STREET-CAR—INSTRUCTION AS TO RATE OF SPEED COMPATIBLE WITH ORDINARY CARE—ABSENCE OF ORDINANCE LIMITING RATE OF SPEED.—Where the accident was the result of a collision between an automobile driven by the plaintiff and an electric street-car of the defendant, which the complaint charged was being negligently run at a speed of about thirty miles an hour, and it was not pretended that there was any ordinance limiting the rate of speed of the defendant's cars, it was not erroneous to instruct the jury that there was no allegation or evidence of any ordinance limiting the rate of speed at which defendant might propel its cars at the place where the collision occurred, "and defendant had a right to drive or propel its said car as any rate which it saw fit which was not inconsistent with the exercise of ordinary care." If the part of the instruction referring to the absence of such an ordinance was outside of the issues, it could not have misled the jury.

CLXIX Cal.—8

APPEAL from an order of the Superior Court of Los Angeles County refusing a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

E. B. Drake, for Appellant.

Gibson, Dunn & Crutcher, and Norman Sterry, for Respondent.

SLOSS, J.—The plaintiff appeals from an order denying his motion for a new trial. The action was brought to recover damages for personal injuries sustained by plaintiff as the result of a collision between an automobile driven by him and an electric street-car of the defendant. There was a jury trial and a verdict and judgment in favor of the defendant.

The testimony on the issues of defendant's negligence and plaintiff's contributory negligence was sharply conflicting, and no question is made of the sufficiency of the evidence to support the verdict. While it was shown without contradiction that the plaintiff had suffered some physical injuries, there was a good deal of controversy over the extent of these injuries, the defendant claiming that plaintiff was greatly exaggerating their severity. After the accident, the plaintiff was taken to a hospital. There he was attended by two physicians. He also had the care of a nurse. None of these three persons was produced as a witness.

The court gave an instruction in which, after stating that, by reason of the privilege defined in section 1881 of the Code of Civil Procedure, the physicians who had attended plaintiff could not testify without his consent, it charged that if plaintiff had failed to call them as witnesses, and showed no reason for such failure, the law presumed that their testimony would have been against him. A like presumption was declared to arise from the unexplained failure to call the nurse.

These instructions are assigned as error. So far, at least, as the physicians are concerned, the instruction given is in conflict with the views expressed in *Thomas* v. *Gates*, 126 Cal. 1, [58 Pac. 315], where it is said, in effect, that the raising of a presumption against a party for the failure to introduce

or to permit the introduction of testimony which he had the right to exclude as privileged, would go far toward destroying the value of the privilege. But of this instruction, as well as the one relating to the nurse, it is sufficient to say that, if they were erroneous, they were not prejudicial. They dealt with witnesses who could have testified on no subject other than that of the extent of the plaintiff's injuries. As has been said, the fact that he had suffered some injuries was undisputed. The verdict in favor of defendant could, therefore, have been reached only upon a finding that, by reason of plaintiff's own negligence or the defendant's want of negligence, there was no liability for the injuries, whatever their extent. In this state of the record, errors in instructions bearing solely on the amount of damage could not have influenced the verdict, and present no ground for reversal. (*Wilhelm* v. *Donegan,* 143 Cal. 50, [76 Pac. 713].)

Only one other point is made. It is claimed that the court erred in instructing the jury that there was no allegation or evidence of any ordinance limiting the rate of speed at which defendant might propel its cars at the place where the collision occurred, ''and defendant had a right to drive or propel its said car at any rate which it saw fit which was not inconsistent with the exercise of ordinary care.'' The complaint charged that the car was being negligently driven at a rate of speed of about thirty miles an hour. Whether the speed was in excess of a rate which, under all the circumstances, would be compatible with the exercise of due care, was therefore an issue in the case. The instruction informed the jury that there was no arbitrary or set limit of speed, but that they must determine whether the car was being run at a rate beyond that which would be employed by one exercising ordinary care. This was a correct statement of the obligation of the defendant so far as the speed of the car was concerned. The plaintiff was not prejudiced by the charge that there was no limit fixed by ordinance, since it is not pretended that there was any such limit. If this part of the instruction was outside of the issues, it could not have misled the jury in any way. (See *George* v. *Los Angeles Ry. Co.,* 126 Cal. 357, 361, [77 Am. St. Rep. 184, 46 L. R. A. 829, 58 Pac. 819].) The case relied on by appellant in this behalf (*Cooper* v. *Los Angeles Term. Ry. Co.,* 137 Cal. 229, [70 Pac. 11]), does not support his contention. There a requested in-

struction had been refused and the action of the trial court was sustained on the ground that the instruction was directed to facts not in issue. It does not follow, of course, that the same ground would have required a reversal, if the instruction had been given. Furthermore, the instruction in the Cooper case was condemned on the additional ground, not applicable to the charge given here, that it would have taken from the consideration of the jury the question whether the rate of speed was in fact reckless.

The order is affirmed.

Shaw, J., and Angellotti, C. J., concurred.