[Civ. No. 3512.  First Appellate District, Division One.—September 24, 1920.]

BEATRICE HURD, as Administratrix, etc., Appellant, v. CITY AND COUNTY OF SAN FRANCISCO (a Municipal Corporation), Respondent.

[1] NEGLIGENCE—DEATH OF POLICE OFFICER—ACTION AGAINST MUNICIPALITY—DAMAGES—EFFECT OF PENSION—INSTRUCTIONS.—Where, in an action brought under section 377 of the Code of Civil Procedure to recover damages of a municipality for the death of a police officer, who was killed by being crushed between street-cars operated by the defendant, the jury found a general verdict in favor of the defendant, instructions as to the effect of the receipt by the plaintiff, as widow, of a pension from the police relief and pension fund, on the question of damages, even if erroneous, were not reversible error.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Bernard J. Flood, Judge. Affirmed.

The facts are stated in the opinion of the court.

Harry I. Stafford and W. F. Stafford for Appellant.

George Lull, City Attorney, R. T. Ainsworth and Chas. S. Peery, Assistants City Attorney, for Respondent.

KINSELL, J., pro tem.—Action by administratrix to recover damages for death of her intestate alleged to have been caused by the negligence of defendant.

Cause was tried before a jury and a general verdict was rendered in favor of the defendant.

It appears that John B. Hurd on January 27, 1918, was a police officer in the city and county of San Francisco, and while he was on duty on that day he was crushed between two cars of the Geary Street line operated by the municipality, and died the following day. He left surviving his widow, Beatrice Hurd, and two minor children. The widow was appointed administratrix and sues in that capacity under section 377 of the Code of Civil Procedure.

Over the objection of plaintiff defendant introduced evidence to the effect that the injury which resulted in John

B. Hurd's death befell him while he was engaged in the performance of his duty as a police officer; that after his death, pursuant to application by his widow, the board of police relief and pension fund commissioners of San Francisco, on April 1, 1918, ordered paid to the widow a monthly compensation of sixty-one ($61) dollars per month for the benefit of herself and the minor children of decedent, which amount she received and accepted every month after such date.

It was the contention of respondent that by reason of such facts plaintiff was barred from maintaining the action.

The court instructed the jury, among other things, as follows: "In such an action plaintiff sues in her representative capacity for the benefit of all the heirs at law of said deceased, and there can be but one recovery, if any, of a total sum for the one death, and the recovery, if any, is for the benefit of all persons interested as heirs of the deceased. In such an action the jury may, if they find for the plaintiff, award such damages as under all the circumstances may be just, but in arriving at what is just under all the circumstances, the jury must take into consideration the fact which appears in this case, that the plaintiff, as widow of said deceased, has already accepted a certain pension in compensation for her share of the damage sustained by the death of said deceased, and any recovery herein, if you find for the plaintiff, must be for damages other than those to said plaintiff as such widow."

The court also gave the following instruction: "You are therefore instructed that by accepting the benefit of said pension said plaintiff as an individual has waived any further or other claims for compensation against said city and county which might otherwise exist in her behalf by reason of the injuries received by said deceased John B. Hurd or by reason of the death of John B. Hurd, resulting therefrom"; and further instructed the jury that in fixing damages to which plaintiff, as administratrix, might be entitled: ". . . you are limited to the damages suffered by the children of said deceased and you can make no allowance for the individual benefit of said plaintiff as widow."

These instructions, as well as others which it is not necessary to quote, are assigned by appellant as prejudicial error.

Each of the instructions complained of, however, bears solely upon the amount of damages sustained. If they be erroneous, they could prejudice the plaintiff's case only in the event that the jury found in favor of the plaintiff on the main issue of negligence.

[1] The jury having heard the evidence, and under other proper instructions having found a general verdict in favor of the defendant, it necessarily follows that the instructions complained of, even if erroneous, do not constitute reversible error. (*Wilhelm* v. *Donegan*, 143 Cal. 50, [76 Pac. 713]; *Cook* v. *Los Angeles Ry. Corp.*, 169 Cal. 115, [145 Pac. 1013].)

Upon the same theory appellant was not injured through the overruling of her objection to the introduction of evidence as to her acceptance of a pension from the board of relief and pension fund commissioners.

The other points urged by appellant are without merit. The evidence is, in our opinion, amply sufficient to support the verdict.

Judgment affirmed.

Richards, J., and Waste, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 22, 1920.

All the Justices concurred.