[Civ. No. 3655. First Appellate District, Division One.—January 4, 1921.]

## D. C. CARBAUGH et al., Respondents, v. WHITE BUS LINE (a Corporation), Appellant.

[1] NEGLIGENCE — COLLISION AT INTERSECTION — PERSONAL INJURIES— ACTION FOR DAMAGES—RIGHT OF PLAINTIFF TO PROCEED—QUESTION FOR JURY.—In an action for damages for personal injuries sustained by plaintiff when a machine which he was driving was run into, while he was proceeding to cross and turn to the left into an intersecting boulevard, by an automobile stage proceeding along said boulevard, but as to which he had the right of way across the boulevard, whether or not after observing the approach of said stage and its position upon said boulevard, and the rate of speed at which it was traveling, he was justified in proceeding upon his rightful way across said boulevard in advance of said stage is a question of fact for the jury.

[2] ID.—CONTRIBUTORY NEGLIGENCE—PLEADING SPECIFIC ACTS — ERRONEOUS INSTRUCTION.—Where the defendant's answer in such action sets forth with particular detail the specific acts of the plaintiff's alleged negligence upon which the defendant relies to support its plea of contributory negligence, a requested instruction to the effect that if plaintiff was negligent "in any other particular," and said negligence, or any of it, contributed even in a small degree to the accident, the plaintiff cannot recover, is properly refused.

[3] ID.—LAST CLEAR CHANCE—DUTY TO REQUEST INSTRUCTION.—If the defendant in such an action believes itself entitled to an instruction embodying the doctrine of the last clear chance, it is the

defendant's duty to request the giving of an instruction upon that subject which would not be objectionable upon other grounds.

[4] ID.—DISCOVERY OF DANGER—LAST CLEAR CHANCE TO AVOID—EVIDENCE.—Where in such an action there is no evidence tending to show that after the plaintiff discovered the dangerous position in which he was being placed by the action of the driver of the defendant's stage he could, by any action on his part in either stopping his own car or accelerating its speed, have avoided the collision, the doctrine of "last clear chance" is not applicable.

[5] ID.—RIGHT TO CROSS INTERSECTION—OBEDIENCE OF LAW BY DEFENDANT—PRESUMPTION.—Where the plaintiff was at all times within the limits of both his own right and duty in attempting to make his way across the intersecting boulevard, he had the right to presume that the driver of the defendant's stage would obey the law and perform his duty in the premises.

APPEAL from a judgment of the Superior Court of Los Angeles County. Paul J. McCormick, Judge. Affirmed.

The facts are stated in the opinion of the court.

Duke Stone for Appellant.

E. B. Drake for Respondents.

RICHARDS, J.—This is an appeal from a judgment in favor of the plaintiffs in actions brought by them to recover damages for injuries which they each received in a collision between the automobile of which they were occupants and a motor-bus operated by one of the defendant's employees. Each of said plaintiffs commenced a separate action against the defendant, but by agreement and order of the court the two actions were consolidated and tried together.

The complaint in each case charged that "the defendant, through its agents and servants in charge thereof, so negligently operated one of defendant's auto-buses or passenger stages that the same collided with the plaintiff's automobile, and he was injured as hereinafter set out." The defendant in its answer in each case specifically denied this allegation, and in addition thereto pleaded by way

5.  Law of the road as to crossings, note, 1 Ann. Cas. 164.

of separate defense that the plaintiff was guilty of negligence in a number of specially pleaded particulars in connection with and at the time of said collision.

The consolidated cases were tried before a jury, which rendered a verdict in favor of the plaintiff D. C. Carbaugh for $1,775, and in favor of the plaintiff Alice Carbaugh for the sum of $6,000. The amount of these combined verdicts was, upon motion for a new trial, reduced by plaintiffs' consent to the extent of $2,500, and thereupon said motion was denied, and judgment for the reduced amount entered in plaintiffs' favor, from which judgment the defendant prosecutes this appeal.

The facts of this case may be summarized as follows: The collision in question occurred on June 22, 1919, at the intersection of San Gabriel Mission Drive with Pomona Boulevard in the county of Los Angeles, state of California. Pomona Boulevard runs east and west; the San Gabriel Mission Drive runs in a general northwesterly and southeasterly direction, and intersects, but does not cross, Pomona Boulevard at an angle of approximately forty-five degrees. The plaintiffs' car was a five-passenger "Saxon," and just prior to said collision was being driven by the plaintiff D. C. Carbaugh on the Mission Drive approaching Pomona Boulevard, into which he intended driving and thence turning to the east. As said plaintiff, driving his car, approached the intersection of these two streets, he was driving on the right side of the road and sitting on the left side of his car, in which there were five persons besides himself, one of whom was the plaintiff Alice Carbaugh. The car was being driven at the rate of about fifteen miles an hour, and when within about fifty feet of the point of intersection its driver looked to the east and saw the defendant's motor-stage approaching from that direction along the boulevard. When he first observed the stage it was approximately 250 feet from the intersection, and appeared to be traveling at the rate of from thirty to thirty-five miles an hour. The plaintiff Carbaugh, as he approached the intersection, reduced the speed of his car to from ten to twelve miles an hour, keeping the stage continually in view. When he arrived at the point of intersection the stage was approximately 150 feet away, and appeared to be coming

along or near the center of the boulevard and traveling at the rate of about thirty-five miles an hour. Plaintiff Carbaugh, according to his own testimony and that of those who were with him in his car, put out his left hand, blew his horn and proceeded to cross the boulevard, turning to the eastward as he reached its center. The defendant's stage continued with undiminished speed until it reached a point within a few feet of the plaintiff's car, when it swerved suddenly to the left and collided with it at a point which, according to the testimony of the plaintiffs' witnesses, was to the left of the center of the boulevard. The plaintiffs' injuries were the result of this collision.

[1] The first contention of the appellant herein is that the plaintiff D. C. Carbaugh, as the driver of said automobile, was guilty of contributory negligence as a matter of law in entering upon and attempting to cross said boulevard after observing the defendant's stage approaching its point of intersection with the Mission Drive. This contention is absolutely without merit. The plaintiff D. C. Carbaugh, as he approached the intersection of these two streets, was driving upon the right side of the Mission Drive at a rate of speed permitted by law, and had, under the provisions of the Motor Vehicle Act, the right of way across Pomona Boulevard in advance of the defendant's stage approaching thereon. Whether or not after observing the approach of said stage and its position upon said boulevard, and the rate of speed at which it was traveling, the said plaintiff was justified in proceeding upon his rightful way across said boulevard in advance of said stage was clearly a question of fact for the jury. (*Zibbell* v. *Southern Pac. Co.,* 160 Cal. 237, [116 Pac. 513]; *Scott* v. *San Bernardino Valley etc. Co.,* 152 Cal. 604, [93 Pac. 677]; *Commonwealth Bonding etc. Co.* v. *Pacific Elec. Ry. Co.,* 42 Cal. App. 573, [184 Pac. 29]; *Robinson* v. *Clemons,* 46 Cal. App. 661, [190 Pac. 203]; *Baker* v. *Western Auto Stage Co.,* 48 Cal. App. 283, [192 Pac. 73].)

The authorities cited by the appellant in support of his above-mentioned contention do not sustain the same, since the facts in each of said cases differ materially from those of the case at bar.

The appellant's next contention is that the trial court erred in refusing to give certain of the defendant's re-

quested instructions. [2] The first of these instructions
to which our attention is directed has reference to the
alleged contributory negligence of the plaintiff. The re-
jected instruction reads as follows: "I instruct you in
this case that even though you believe the defendant was
negligent, your next inquiry should be whether or not
the plaintiff himself was negligent and whether or not
his negligence contributed, even slightly, or to any extent
to the cause of the accident; and if you believe that the
plaintiff was negligent, either by failing to use ordinary
care as he drove into said boulevard or by failing to stop
his automobile if he realized his perilous position, or if he
was negligent in any other particular, and that said negli-
gence or any of it contributed even in a small degree to
the accident, then neither of the plaintiffs can recover,
and your verdict must be for the defendant."

The vice of the foregoing instruction is discovered when
it is compared with that portion of the defendant's answer
which contains his affirmative plea with regard to the con-
tributory negligence of the plaintiff. His pleading in that
regard is specific, setting forth with particular detail the
specific acts of the plaintiff's alleged negligence upon which
the defendant relies. In the above-quoted instruction, how-
ever, after reciting certain of these specific negligent acts,
the defendant seeks to have the court charge the jury
that "if he [said plaintiff] was negligent in any other
particular, and that said negligence, or any of it, con-
tributed even in a small degree to the accident, then
neither of the plaintiffs can recover, and your verdict must
be for the defendant." This portion of said instruction is
so clearly contrary to law that it requires no authority to
uphold the action of the trial court in refusing to give it.

[3] The next and only other contention of the appel-
lant deserving attention is its contention that the trial
court was in error in refusing to give an instruction on
embodying the doctrine of "last clear chance." The only
instruction which, so far as we can discover, the defendant
asked upon that subject was the above-quoted instruction,
which, as we have seen, the trial court was for other rea-
sons justified in refusing to give. If the defendant be-
lieved itself entitled to an instruction in this case em-

bodying the doctrine of the last clear chance, it was its duty to request the giving of an instruction upon that subject which would not be objectionable upon other grounds, [4] but in our view of this case there is no room for the application of the doctrine of the "last clear chance" to the facts in evidence, since there is not a scintilla of evidence tending to show that after the plaintiff D. C. Carbaugh discovered the dangerous position in which he was being placed by the action of the driver of the defendant's stage in failing to reduce its speed or turn to the right on the boulevard so as to pass behind the plaintiff's car, he could by any action on his part, in either stopping his own car or accelerating its speed, have avoided the collision. [5] The said plaintiff was at all times within the limits of both his own right and duty in attempting to make his way across said boulevard; he had no knowledge or means of knowledge that the defendant's stage was not under control, or could not have been slowed down from the speed at which it was traveling when he first observed it so as to permit the plaintiff to make his rightful way across the boulevard in safety. Being strictly within his own rights he had the right to presume that the driver of the defendant's stage would obey the law and perform his duty in the premises. Had he done so it is clear that the collision in question would not have occurred. The law governing the respective rights of the parties under circumstances similar to those of the case at bar is fully stated in *Whitelaw* v. *McGilliard,* 179 Cal. 349, [176 Pac. 679]; *Harris* v. *Johnson,* 174 Cal. 55, [Ann. Cas. 1918E, 560, L. R. A. 1917C, 477, 161 Pac. 1155]; *Robinson* v. *Clemons, supra,* and *Baker* v. *Western Auto Stage Co., supra.*

There are no other points urged by the appellant which we deem worthy of separate consideration. The instructions of the trial court upon the issues tendered to the jury were full and fair and are not properly subject to the appellant's criticism.

The judgment is affirmed.

Kerrigan, J., and Seawell, P. J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 3, 1921.

All the Justices concurred.