FREIDA HOLDA AND JOSEPH HOLDA, PLAINTIFFS-APPELLANTS, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, DEFENDANT-RESPONDENT.

Submitted May 2, 1933—Decided October 24, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the appellants, *Joseph T. Karcher.*

For the respondent, *William H. Speer* and *Henry H. Fryling* (*William F. Vosseller,* of counsel).

PER CURIAM.

The defendant company operated a motor bus from New Brunswick via Milltown, South River, Sayerville to South Amboy.

The plaintiff Mrs. Holda boarded that bus at Sayreville at eleven o'clock in the morning with a baby in her arms. The evidence tends to show that she paid her fare to the operator of the bus at the door, took one step toward the interior of the bus and tripped over a suitcase about three feet long, three-quarters of which was jutting out into the entrance aisle of the bus. She fell to the floor, and claims to have sustained injuries for which she brought this suit, her husband joining with her for his consequential damages.

The proof tended to show that the suitcase over which she fell had been brought in by another passenger, within the view of the driver, at New Brunswick, and was placed by the passenger between her feet, facing toward the door, and that, as the bus was running from South River to Sayreville, there was "almost three-quarters of it in the aisle" as she sat "in the long seat towards the door."

The learned trial judge, on motion of the defendant, directed a verdict for the defendant, upon the ground that "the undisputed testimony in this case is that this bus driver used periodical inspection of this aisle and did not see this suitcase in a dangerous position. The defendant, therefore, has met the obligation which the law places upon it."

The plaintiffs urge that this direction of a verdict was erroneous because, they contend, the testimony was not undisputed and that a jury question was presented in respect to defendant's negligence.

The defendant company being a common carrier of passengers was bound to use a high degree of care to protect the plaintiff from danger that foresight could anticipate.

We think that the evidence presented by the plaintiffs (though denied in some respects by the defendant's driver)

left it open to the jury, if they saw fit, to find that the defendant's driver failed in the performance of his duty.

It seems clear that it was open to the jury to find that a considerable part of the suitcase was obstructing the aisle. And we believe they might also have found, if they saw fit, that the defendant's driver either knew it was there or in the exercise of reasonable care should have known it.

The testimony tends to show that the bus in question was an ordinary bus, carrying passengers for hire, and was required to stop at every street corner if passengers desired to board or alight; that its route was through a group of municipalities where numerous stops were made between the point where the suitcase was put aboard and the place of the accident. Plaintiff's witnesses, as we read the testimony, place the suitcase, or some considerable part of it, sticking out in the aisle from South River to Sayreville, a distance of variously estimated as between one and two miles, and for a period of time estimated at from ten to fifteen minutes.

It is true that defendant's driver testified that the woman placed the suitcase parallel with the seat; that "I picked up passengers going down the road. I just sits back there as usual, and we have to turn around, sort of sideways, to punch the register, so in that way I took a glance at it every once in a while, and it was always in the same place;" that the last time he looked at the suitcase was at South River, and that he did not look to see where the suitcase was when plaintiff boarded the bus. He further said that he was worried about the suitcase and kept his eye on it.

Since the evidence tended to show that the suitcase was near the door and practically beside the driver, and since the evidence further tended to show that it substantially obstructed the entrance aisle, it seems evident that the jury may well have found that he should have known of the obstruction.

Upon the whole we think the question of defendant's negligence was for the jury and the direction of a verdict improper.

The judgment will be reversed, and *venire de novo* awarded. Costs to abide the event.