[Civ. No. 11097. First Appellate District, Division One.—April 10, 1940.]

DAVID LEO WESTWATER, a Minor, etc., Respondent, v. SOUTHERN PACIFIC COMPANY (a Corporation), Appellant.

Elliott Johnson for Appellant.

Hildebrand & Bills for Respondent.

WARD, J.—An appeal from a judgment rendered in favor of plaintiff minor, by his guardian *ad litem,* against defendants Southern Pacific Company, a corporation, and Dorothy Miles, taken by the corporation alone.

The facts of the case are as follows: Miss Miles, while on a trip to Alaska, entrusted the care of her Scotch terrier dog to Miss Grover. Having occasion to make a trip to Berkeley, Miss Grover purchased a ticket therefor at the San Francisco ticket office of defendant company. She was accompanied by the dog, wearing a collar to which a leash was attached. She testified that on depositing the ticket at the entrance gate, she inquired of the gateman, "Is it all right for me to take the dog across?" to which the gateman replied: "Why, certainly." The animal weighed about seventeen pounds, appeared to be well-mannered and had no known vicious tendencies. As she boarded the train, holding the dog under her arm, she passed the conductor, who was standing on the back platform. Miss Grover took a seat on the right-hand side of the car and placed the dog on the seat beside her, next to the window. She sat with her arm over the animal and held the leash in her hand. The minor, David Westwater, accompanied by his mother, was a passenger and occupied the seat next to the window, directly in front of the dog. The minor raised himself on the seat, turned around to speak to Miss Grover or to look at the dog, and was immediately bitten.

The court found that Miss Grover was not careless or negligent and that the dog "without provocation on the part of plaintiff and without warning to plaintiff, leaped at said plaintiff and bit plaintiff in the nose and thereby caused plaintiff to be injured"; that the injuries were sustained by reason of the negligence of defendant corporation and as a direct and proximate result thereof.

▮ A carrier of persons for reward is not an insurer of the absolute safety of passengers (*Champagne* v. *Hamburger & Sons,* 169 Cal. 683 [147 Pac. 954]), and unless called upon to explain the cause of the accident, is not responsible upon the mere proof of the happening thereof. Nevertheless, utmost care and diligence must be used for the passengers' carriage; everything necessary for that purpose must be provided and the carrier must exercise to that end a reasonable degree of skill. (Civ. Code, sec. 2100.) Unless by statutory provision negligence may be presumed, it is a question of fact. It is provided by statute that the owner of a dog which shall bite any person while such person is on or in a public place, or lawfully on or in a private place (Stats. 1931, p. 1095; 1 Deering's Gen. Laws (1937), p. 166) shall be liable for damages suffered. No doubt this is the theory adopted in holding the owner liable in this case. Our attention has not been called, however, to any statutory provision forbidding common carriers to transport dogs; hence, as to the carrier, the question before us resolves itself into whether or not the defendant corporation discharged toward plaintiff its legal duty; in other words, did the defendant corporation use the utmost care and diligence for his safe carriage.

▮ In considering the evidence, we have not lost sight of the fact that the defendant corporation has been held liable in damages for permitting Miss Grover to board the train with the dog, and that Miss Grover has not been held liable for bringing the dog aboard. Under the rule generally described as the "one bite" rule, if a custodian knows of the vicious tendency of a dog, liability may attach. In this case, there is no evidence that the dog was vicious. Miss Grover could be held only under the due diligence and ordinary care rule. The court found that she was not guilty of negligence.

▮ We cannot hold that a carrier has no right to transport dogs in a coach set apart for passengers as was held in *Westcott* v. *Seattle etc. R. Co.,* 41 Wash. 618 [84 Pac. 588, 111 Am. St. Rep. 1038, 4 L. R. A. (N. S.) 947]. We conclude rather that dogs can be carried, but that in such event utmost care shall be used. In this respect, many conditions and the natural tendencies of the dog should be ascertained so far as can reasonably be done, for instance, the size, type, breed and sex of the dog, whether caged or muzzled, whether

the dog is accustomed to traveling or may become frightened or irritable on account of strange noises related to the operation of the vehicle, such as the pounding of wheels, blowing of whistles, tooting of horns or other noises incidental to the trip. In addition, after acceptance of a dog in a passenger coach, there should be reasonable supervision, with relation to passengers, of the place allotted the dog, and its opportunity to injure with tooth, paw or body, irrespective of its apparent reputation for calm temperament. (*The Lord Derby,* 17 Fed. 265; *Trinity & S. Ry. Co.* v. *O'Brien,* 18 Tex. Civ. App. 690 [46 S. W. 389].) These and many other considerations may enter into the determination of whether or not utmost care is used in permitting a dog to ride in a passenger coach. Many of these considerations may be determined by observation; others by inquiry of the custodian, but if any doubt exists after reasonable examination, or if the carrier is derelict in the supervision of the dog, then the utmost care and diligence has not been taken by the carrier to safeguard and protect the passenger.

In this case, unlike the situation in *Gallagher* v. *Kroger Grocery & Baking Co.,* (Mo. App.) 272 S. W. 1005, the evidence indicates the appellant had a reasonable opportunity to inquire concerning the dog's habits. The entire record herein does not disclose that there was any effort made by the defendant corporation to determine whether the dog was vicious, or, if well-mannered, whether there was a likelihood of sudden viciousness upon being thrust into strange surroundings, and whether adequate supervision was to be exercised over the dog.

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 28, 1940.