Bullis, Respondent, vs. Northland Greyhound Lines, Inc., Appellant.

*October 9—November 8, 1940.*

For the appellant there was a brief by *Stephens, Sletteland & Cannon,* attorneys, and *A. E. Kilmer* of counsel, all of Madison, and oral argument by *Mr. Kilmer.*

For the respondent there was a brief by *Karon & Weinberg* of Milwaukee, and oral argument by *Morris Karon* and *Philip Weinberg*.

WICKHEM, J. On June 8, 1939, plaintiff boarded defendant's bus at Whitewater, her destination being Fort Atkinson, a distance of about eight miles. The bus contained accommodations for thirty-seven passengers, thirty-two on either side of the central aisle, and five on a rear seat which extended the full width of the bus. The seats were mounted one step up from the aisle of the bus. The bus was in sole charge of a driver who, in addition to driving, collected tickets, took fares, handled baggage, etc. At the time of the accident there were thirty-two passengers on the bus. When plaintiff entered the bus there were two passengers on the rear seat. A woman sat on one side of this seat and a man was sprawled or lying on the other side. Plaintiff took her place between the two. The testimony is that as the bus proceeded the man who was lying on the seat had his eyes closed and kept moving his feet over the side of the seat and back up on the seat. The testimony was that as plaintiff was about to leave the bus at Fort Atkinson the passenger put his foot out and she fell against it. On these facts the jury found that the position of the passenger presented perils to plaintiff of which defendant knew or should have known, and also found plaintiff guilty of contributory negligence. There is no motion to review, and hence no question as to plaintiff's negligence. Neither is any attack made by plaintiff upon the percentages found by the jury. Defendant claims that there was no jury question concerning defendant's negligence, and that as a matter of law plaintiff completely failed to show any breach of duty by defendant's driver. There is a conflict whether the male passenger on plaintiff's right was lying full length on the seat or merely slouched in the seat with his feet on the floor

of the bus. We must assume, however, that he was, as plaintiff testified, stretched out full length on the seat and that he occasionally moved his feet off the seat and back. The evidence does not disclose just when, where, or how frequently the movements of the feet were made. Plaintiff at no time complained to the driver or to the passenger that she was being annoyed or endangered by the manner in which the passenger occupied his seat. There is no more than the suggestion in the record that the passenger might have been drunk, and no claim that the driver should have observed such a condition if it existed. The passenger was not deliberately annoying anybody but was merely dozing or sleeping.

We are unable to discover any default on the part of defendant's driver. While the carrier has a very high duty of care to the passenger, it is not an insurer against acts of other passengers. The driver must watch traffic and discharge a number of other important duties relating to the protection and safety of the passengers, and he cannot be held to such a detailed policing of the bus as plaintiff here demands. Buses and trains are frequently used by persons who, in the effort to take naps and assume comfortable positions, infringe slightly upon the aisles or seats of other passengers. To hold the company liable for all injuries caused by persons who are injured by such conduct virtually makes the company an insurer.

In support of her position, plaintiff cites the following cases: *Kline v. Milwaukee E. R. & L. Co.* 146 Wis. 134, 131 N. W. 427; *Pacific Greyhound Lines v. Vermillion* (Tex. Civ. App.), 87 S. W. (2d) 312; *Holton v. Boston Elevated Ry. Co.* 303 Mass. 242, 21 N. E. (2d) 251; *McWilliams v. Lakeshore & M. S. Ry. Co.* 146 Mich. 216, 109 N. W. 272; *Stimson v. Milwaukee Lake Shore & Western R. Co.* 75 Wis. 381, 44 N. W. 748; *Holda v. Public Service Co.* 11 Misc. 879, 168 Atl. 753; *Westwater v. Southern Pacific Co.* 38 Cal. App. (2d) 369, 101 Pac. (2d) 154. The first four cases re-

late to injuries by intoxicated passengers. The next two involve suit cases so placed by passengers as to constitute obstructions. The last case involves injuries by a dog brought into a coach by another passenger. All of these cases are distinguishable from the facts of this case. We discover no evidence that plaintiff's fellow passenger was occupying a position which the driver should have known was dangerous to her. Assuming that he was lying prone upon the wide seat upon which plaintiff was sitting, we are unable to see any reason why the driver should have anticipated that such a position might result in injury to plaintiff, and indeed it did not. As heretofore stated, there is no evidence as to the frequency with which the passenger shifted his feet or whether, in the course of these movements, a situation dangerous to plaintiff was observable. In our opinion there is a complete failure to show that the driver should have observed these movements, foreseen danger to plaintiff, and taken steps for her protection. We are compelled to conclude that there was no jury question with respect to defendant's negligence, and that plaintiff has shown no right to recover.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.