[Civ. No. 15720.   Second Dist., Div. Three.   Oct. 31, 1947.]

BLANCHE TROUTMAN, Appellant, v. LOS ANGELES TRANSIT LINES, INC. (a Corporation), Respondent.

Marcus C. Clark for Appellant.

Gibson, Dunn & Crutcher, Philip C. Sterry and James D. Derby, Jr., for Respondent.

KINCAID, J. pro tem.—Plaintiff appeals from a judgment in favor of the defendant in an action for damages for personal injuries alleged to have been sustained as a result of the negligence of defendant and urges as grounds for a reversal thereof that the evidence is insufficient to support the verdict of the jury and that the trial court erred in its refusal to give an instruction requested by the plaintiff.

By her complaint plaintiff alleged that she was a paid passenger upon a streetcar belonging to and operated by defendant corporation on Seventh Street near Hill Street, in the city of Los Angeles. Such pleading further alleged: "That then and there, and at said time and place aforesaid, the said defendant corporation, by and through its said agent, servant and employee, John Doe, negligently, carelessly, wrongfully and unlawfully permitted and allowed passengers to deposit their baggage in and along the passenger aisle of said street car rendering the said aisle dangerous to other passengers moving upon and along said aisle *and* did negligently and carelessly so manage, maintain and operate said street car as to cause the said street car *to start* with a sudden, violent and unusual *jerk, whereby and because whereof* plaintiff was *thrown backward and stumbled and fell over said baggage* and sustained personal injuries as hereinafter set forth." The italics are added by us for later reference.

The answer of defendant specifically denied the negligence as alleged, and further alleged acts of contributory negligence proximately causing the injuries sustained by plaintiff. With reference to plaintiff's contention that the evidence is insufficient to support the verdict of the jury, evidence was adduced in behalf of defendant by a disinterested passenger witness to the effect that at the time of the incident in question she was seated on a front seat of the streetcar; that when the car reached Seventh and Hill Streets she was watching passengers come aboard when she heard someone say, "are you hurt?" She turned and saw plaintiff seated on a handbag in the aisle; that during all the times in question, including the period she

observed plaintiff sitting on the bag, the streetcar was standing perfectly still.

The motorman of the involved streetcar testified his attention was called to the accident when he heard a commotion at his right side, and upon looking around saw plaintiff sitting on a handbag; that he turned in his seat, placed both hands under plaintiff's elbows and raised her to her feet; that the streetcar was standing still at all times during the events in question. The evidence further shows that the bag occupied the same position in the aisle during the period the car had traveled some 25 blocks, and that many passengers had walked past it while entering and leaving the car in this interval. Plaintiff testified that the car started up with a violent jerk which caused her to fall over the bag, thus causing her injuries. She located the position of the bag as being on the left-hand side of the car and opposite the second seat to the rear of the motorman. The latter and two passenger witnesses testified that the bag was placed as far forward in the streetcar as the structure thereof would permit, was adjacent and parallel to the platform on which the motorman's chair was based, and that there was room between the entrance and the bag in which to pass into the aisle.

Plaintiff argues that the foregoing evidence shows the motorman had knowledge of the fact that the bag was placed in the aisle of the car in such a position as to cause a person to fall over it; that because the law requires a carrier of persons for reward to use the utmost care and diligence for their safe carriage, to provide everything necessary for that purpose, and to exercise to that end a reasonable degree of skill, such evidence shows negligence on the part of defendant as a matter of law.

A street railway company is not an insurer of the safety of those it undertakes to transport, although it is required to use the utmost precaution and diligence for their safety. It is not negligence as a matter of law for the motorman of a streetcar of ordinary type to suffer the bag or satchel of a passenger to remain on the floor of the car in the aisle where it is not so placed as to obstruct free passage out of or into the car. (*Selman* v. *City of Detroit*, 283 Mich. 413 [278 N.W. 112, 115]; *Pitcher* v. *Old Colony St. Ry. Co.*, 196 Mass. 69 [81 N.E. 876, 124 Am.St.Rep. 513, 12 Ann.Cas. 886, 13 L.R.A.N.S. 481]. To the same effect see *Holda* v. *Public etc. Transport*, 11 N.J.Misc. 879 [168 A. 753]; *Bragg* v. *Houston Electric Co.* (Tex.Civ.App.), 264 S.W. 245; *Burns*

v. *Pennsylvania Ry. Co.*, 233 Pa. 304 [82 A. 246, Ann.Cas. 1913B 811], *Jackson* v. *Boston Elevated Ry. Co.*, 217 Mass. 515 [105 N.E. 379, 51 L.R.A.N.S. 1152].)

Under the circumstances here shown, the location of the bag in the car, both prior to and at the time of the accident, and as to whether, by its position, it obstructed free ingress or egress of passengers, were questions of fact for the determination of the jury. It was likewise a factual matter as to whether the act of the motorman in knowingly permitting it to remain in its location constituted a breach of that degree of care which defendant owed plaintiff. The evidence presented in defendant's behalf is substantial in character and from it the jury was entitled to believe not only that the streetcar was at a standstill at the time of plaintiff's fall, but that the position of the bag was such as not to obstruct free passage in the aisle. It further supports the implied finding that her act in falling was as a result of her own contributory negligence. Such being the case, the evidence, although directly conflicting in many particulars, is amply sufficient to sustain the verdict.

Plaintiff also complains of prejudicial error in the refusal of the trial court to give the following instruction to the jury: "The plaintiff in her complaint alleges in substance that the operator of the street car started the same with a sudden violent and unusual jerk and that the said operator permitted and allowed a piece of baggage in and along the passenger aisle of said street car, rendering the said aisle dangerous to other passengers, whereby and because whereof plaintiff was thrown backward and stumbled and fell over said baggage and sustained certain personal injuries.

"Even though you should find that the plaintiff has proved both of these allegations of negligence, it is not necessary that she prove both if the evidence establishes proof of one of these allegations, which, in fact, was the proximate cause of the accident, and injuries, if any, sustained by the plaintiff.

"The defendant owed a duty to the plaintiff to exercise the highest degree of care in the management and operation of the said street car, and if you should find from the evidence that the motorman of said street car did start the said street car with a violent and unusual jerk, causing the plaintiff to be thrown against some object in said street car whereby she was injured and that the plaintiff herself was not guilty of any contributory negligence, then your verdict must be for the plaintiff and against the defendant.

"If you should find from the evidence that the said street car was not put in motion with a violent and unusual jerk, but that the plaintiff, without any contributory negligence on her part, stumbled over the baggage in the aisle of said street car and thereby injured herself; and if you find further that the motorman of said street car knew, or in the exercise of ordinary care should have known of the presence of said piece of baggage in said aisleway; and if you find further that the presence of said piece of baggage constituted a danger to passengers, including the plaintiff herein, using the said aisleway, then your verdict must be in favor of the plaintiff and against the defendant, if you should further find that the plaintiff herself was not guilty of any contributory negligence as that term has been or will be defined in these instructions."

The subject matter of the first and third paragraphs of the instruction in question was fully covered by other instructions given to the jury. The trial judge was justified in refusing to deliver the second and fourth paragraphs of such instruction as the substance thereof was directed to facts entirely outside the issues as framed by the pleadings. (*Cooper* v. *Los Angeles Ry. Co.*, 137 Cal. 229, 231 [70 P. 11]; *Carbaugh* v. *White Bus Line*, 51 Cal.App. 1, 5 [195 P. 1066].)

█ Plaintiff did not allege general negligence upon the part of the defendant. Reference to the allegations of her complaint above quoted shows that she specifically alleged two distinct acts of negligence in the conjunctive. It is her position as shown by such pleading that the defendant was negligent in permitting a passenger to deposit his handbag in the aisle of the street car *and* in so operating the car as to cause it to start with a jerk, thus causing plaintiff to fall over the bag. This is conceded by the first paragraph of the instruction in question. The second and fourth paragraphs thereof had the effect of charging the jury with a duty to find for plaintiff if they found that either a sudden jerk in starting the car or the position of the bag in the aisle was the proximate cause of her fall and injury. Plaintiff, on the contrary, had the burden of proof, under the limited issues thus specifically raised by her complaint, to establish both the claimed factors of negligence by a preponderance of the evidence.

The judgment is affirmed.

Shinn, Acting P. J., and Wood, J., concurred.