[No. 12403.  In Bank. — May 22, 1888.]

## PERRY D. LEWIS, A MINOR, BY PERRY D. COVER, HIS GUARDIAN AD LITEM, RESPONDENT, v. RIVERSIDE WATER COMPANY, APPELLANT.

NEGLIGENCE — OVERTURN OF WAGON — INSTRUCTION. — The action was brought to recover damages for personal injuries caused by being thrown from a wagon through the negligence of the defendant. The evidence showed that the plaintiff sprang from the wagon while it was overturning. The court instructed the jury in effect that if the plaintiff, without negligence, was thrown from the wagon by reason of the negligent act of the defendant, he was entitled to recover. There was no evidence that the act of the plaintiff, in springing from the wagon, was unnecessary, or contrary to what a person of ordinary prudence would have done under the circumstances. *Held*, that the instruction was proper.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order refusing a new trial.

The action was brought to recover damages for personal injuries to the plaintiff, alleged to have been caused through the negligence of the defendant, in allowing a water ditch owned by it to be and remain in a dangerous condition at a place where it crossed a highway. The complaint alleged that the plaintiff, while driving in a wagon along the highway in the night-time, by reason of the defendant's negligence, accidentally ran off the bridge over the ditch, and was thrown from the wagon, thereby suffering the injury complained of. The defendant denied its negligence, and set up contributory negligence on the part of the plaintiff in jumping from the wagon when the accident happened. The case was tried before a jury, who returned a verdict for the plaintiff, upon which judgment was entered. From this judgment, and an order refusing it a new trial, the defendant appealed. The further facts are stated in the opinion of the court.

*Curtis & Otis,* for Appellant.

*H. C. Rolfe,* for Respondent.

McKINSTRY, J.—There was ample evidence to justify a finding that the plaintiff was not guilty of contributory negligence.

Appellant asserts error, in that the court instructed the jury that if plaintiff without negligence drove off the bridge, "and was thereby thrown from the wagon and bruised or wounded," the defendant was liable. The point of the objection is, that the instruction, abstractly correct, was misleading, because there was no evidence that plaintiff was *thrown* from the wagon.

The witness Kleinfelter testified that the plaintiff was thrown from the wagon. True, the plaintiff testified, " I made a spring when the wagon went down." But the impelling force of the overturn did not necessarily deprive the plaintiff of all voluntary action, even while the

overturn was in progress. If there had been evidence that the wagon was not overturned, or that he leaped from it unnecessarily, when a person of ordinary prudence would not have leaped, and that he would not have been injured had he retained his seat, different questions might have been presented. (*Lawrence* v. *Green*, 70 Cal. 417.)

But here both the complaint and the answer allege that the plaintiff was thrown from the wagon, and if the matter had been in dispute, as there was evidence of the fact that he was thrown, the instruction was as favorable as defendant was entitled to have, accompanied, as it was, by full instructions upon the subject of contributary negligence.

Judgment and order affirmed.

SEARLS, C. J., PATERSON, J., McFARLAND, J., and SHARPSTEIN, J., concurred.