JENNIE R. BUSH, Respondent, v. JOHN R. BAR-
NETT, Appellant.

COMMON CARRIERS—LIABILITY FOR INJURY TO PASSENGERS—PRESUMP-
TION OF NEGLIGENCE—DEFENSE OF UNAVOIDABLE ACCIDENT—BURDEN
OF PROOF. — A common carrier is liable for any injury to a passenger
caused by his negligence, and upon the proof of the injury the presump-
tion is, that it was the result of some negligence on the part of the car-
rier; and if he seeks to absolve himself from liability therefor by showing
that the injury resulted from some unavoidable accident, or from some
cause beyond the power of human care or foresight to prevent, such de-
fense is an affirmative one upon his part, which he is required to estab-
lish by a preponderance of evidence.

ID. — EFFECT OF PRESUMPTION — PROOF OF NEGLIGENCE. — The presump-
tion that the injury was caused by the negligence of the carrier, which
is raised upon proof that the plaintiff was injured while being carried as
a passenger, is itself evidence sufficient to sustain a verdict in accordance
therewith, and is a fact which the jury must consider in determining its
verdict, and which, in the absence of any other evidence in reference to
the negligence, necessitates a verdict in favor of the plaintiff.

ID. — OVERTURNING OF STAGE-COACH — ADMISSION OF UNAVOIDABLE AC-
CIDENT — INSTRUCTION. — Where the defendant offered in evidence a
document which the plaintiff had authorized to be signed in her name,
after suffering an injury from the overturning of the defendant's stage-
coach, wherein she purported to exonerate the defendant from liability
for damage, and to admit that the injury was the result of an unavoid-
able accident, which document was offered, not as a release, but simply
to discredit the plaintiff's testimony and in mitigation of damages, an in-
struction to the jury with reference thereto, that they were to consider
it for the purpose of enabling them to weigh the evidence of the plaintiff
and determine her credibility, and for no other purpose, is not erroneous
because of not charging the jury to consider it in mitigation of damages,
where the defendant did not request such instruction, and the jury were
instructed to take into consideration and make allowance for any pay-
ments the defendant might have made in behalf of the plaintiff on ac-
count of the injuries received by her.

ID. — ADMISSION NOT CONCLUSIVE — EXPLANATION — QUESTION OF FACT —
PROVINCE OF JURY. — The statement by the plaintiff that the accident
was unavoidable, and that she did not blame the defendant or his driver,
is not conclusive upon her right of action.   It is, at most, only an ad-
mission upon her part which she is at liberty to explain, and the jury
are to determine the weight to be given to the admission, as well as the
sufficiency of the explanation.

APPEAL from a judgment of the Superior Court of
Humboldt County.

The facts are stated in the opinion of the court.

*Ernest Sevier,* and *H. L. Smith,* for Appellant.

*J. D. H. Chamberlin,* for Respondent.

Harrison, J. — The defendant was the proprietor of
a line of stage-coaches running between Hydesville, in
the county of Humboldt, and Laytonville, in the county
of Mendocino, and on the 2d of October, 1888, received
the plaintiff as a passenger to be conveyed in one of his
coaches over a portion of the route.   While making this
trip, the coach was overturned, and the plaintiff received
certain injuries thereby, for which she brought this ac-
tion, and recovered a verdict of nine hundred dollars.
From the judgment entered thereon, and an order deny-
ing a new trial, the defendant has appealed.

The main proposition urged upon this appeal is, that
the court erred in its instruction to the jury, that the
proof by the plaintiff that she had been injured " would
cast upon the defendant the burden of proving that the
injury was occasioned by inevitable casualty, or by some
other cause which human care and foresight could not
prevent." There was no direct evidence of the imme-
diate cause of the overturning of the coach, other than
that while· driving in the night-time down a steep hill
one of the horses became frightened and began to kick,
and thereupon the team began to run until it got beyond
the control of the driver, and ran down the hill until the
coach struck some obstacle which upset it and threw the
plaintiff to the ground.   Upon these facts the appellant
insists that it was incumbent upon the plaintiff to show
what was the real cause of the accident, or at least to
give evidence in disproof of the proposition that it was
caused by some inevitable casualty; that in the absence
of any affirmative evidence that the accident was caused
by some negligence on the part of the defendant, the
jury should have been instructed to find a verdict in his
favor.

It is, however, a well-established rule that a common
carrier is liable for any injury caused by his negligence,

and that upon the proof of the injury, the presumption is, that it was the result of some negligence upon his part, and that if he would absolve himself from liability therefor by showing that the injury resulted from some unavoidable accident, or from some cause beyond the power of human care or foresight to prevent, such defense is an affirmative one upon his part, which the rule as to the burden of proof requires him to establish by a preponderance of evidence, as in any other affirmative defense. This rule was very clearly enunciated in *Boyce* v. *California Stage Co.*, 25 Cal. 460, and has since been affirmed in *Lawrence* v. *Green*, 70 Cal. 417; 59 Am. Rep. 428; *Treadwell* v. *Whittier*, 80 Cal. 583; 13 Am. St. Rep. 175. A mere reference to these cases, without repeating the arguments therein presented, is sufficient to show that such is the established rule in this state.

The presumption that the injury was caused by the negligence of the carrier, which is raised upon the proof by the plaintiff that he was injured while being carried as a passenger, is itself a fact which the jury must consider in determining its verdict, and which, in the absence of any other evidence in reference to the negligence, necessitates a verdict in favor of the plaintiff. A presumption which the law raises from admitted or established facts is itself evidence sufficient to sustain a verdict in accordance therewith, and cannot be disregarded by the jury, or by the court in any instruction which it may give with reference thereto. (*Kidder* v. *Stevens*, 60 Cal. 419.)

At the trial, the defendant introduced in evidence a document which the plaintiff had authorized to be signed in her name after the accident, wherein she purported to exonerate the defendant from liability for damage, and to admit that the injury was the result of an unavoidable accident. The plaintiff gave testimony tending to show that she had no recollection of the paper, and that it was signed at a time when she was unable to comprehend its meaning. Upon its introduction in evi-

dence, the defendant stated that he did not offer it as a release from the plaintiff to the defendant, but "only for the purpose of discrediting the testimony of the plaintiff and in mitigation of damages." The court instructed the jury, with reference thereto, that it was to be considered by them for the purpose of enabling them to weigh the evidence of the plaintiff and determine her credibility, and for no other purpose. The defendant assigns this instruction as error, for the reason that as he had offered it in mitigation of damages, the court should have instructed the jury to so consider it. The defendant did not present to the court a request for any instruction of this character, and the jury were instructed, in assessing any damages they might award, to take into consideration and make allowance for any payments the defendant might have made in behalf of the plaintiff on account of the injuries received by her. We think that the jury was fully and fairly instructed upon this point, and that the court committed no error in its instruction.

The statement by the plaintiff, after the accident, that it was unavoidable, and that she did not blame the defendant or his driver, was not conclusive upon her right of action. It was, at most, only an admission upon her part which she was at liberty to explain, and the jury was to determine the weight to be given to the admission, as well as the sufficiency of the explanation. (*Smith* v. *Whittier*, 95 Cal. 279.)

Certain rulings upon the admission of testimony were excepted to at the trial, which the appellant had assigned as error, but as the evidence received under these rulings could not have affected the liability of the defendant as shown at the trial, they cannot be regarded as error.

The judgment and order are affirmed.

GAROUTTE, J., concurred.

PATERSON, J., concurring. — I concur in the judgment only, because I am not prepared to say the rule is uni-

versal that proof of injury in an·accident raises a pre-
sumption that it occurred through the negligence of the
carrier.    There are authorities which hold that "each
case must depend upon its own circumstances."    (*Mad-
den* v. *O. & O. S. S. Co.*, 86 Cal. 448.)