[Civ. No. 9301. First Appellate District, Division Two.—May 16, 1934.]

WILLIAM FREDERICK BARR, a Minor, etc., Respondent, v. VENICE GIANT DIPPER COMPANY, LTD. (a Corporation), Appellant.

Mills, Hunter & Dunn, Edward C. Mills and C. R. Liljestrom for Appellant.

Henry P. Goodwin and Stewart, Shaw & Murphey for Respondent.

NOURSE, P. J.—The guardian of the minor brought this action to recover damages for injuries suffered by the minor while a passenger on a roller coaster operated by the defendant. The coaster was in the nature of a miniature scenic

railway consisting of a train of small cars constructed to carry two passengers each. The minor and two companions boarded one of the cars; an employee of defendant notified them that the cars would carry but two, whereupon the minor stepped out of the car, which was then in motion, and was thrown violently off of the platform and injured. The cause was tried before a jury and plaintiff had a verdict. The appellant raises just three points, which will be taken in order.

■ The criticisms of the instructions relating to the degree of care required of appellant all relate to the general question whether the operator of such a device as the roller coaster is subject to the rule of liability applicable to common carriers. Appellant cites and relies on *Pointer* v. *Mountain Ry. Const. Co.*, 269 Mo. 104 [189 S. W. 805, L. R. A. 1917B, 1091], and cases which have followed the reasoning of that opinion. Respondent cites and relies on *O'Callaghan* v. *Dellwood Park Co.*, 242 Ill. 336 [89 N. E. 1005, 134 Am. St. Rep. 331, 17 Ann. Cas. 407, 26 L. R. A. (N. S.) 1054], and cases following that decision. The cases cited by respondent follow the general and accepted rule which is thus stated · in 10 C. J. 609: ''The owner and operator of a scenic railway in an amusement park is subject, where he has accepted passengers on such railway for hire, to the liabilities of a carrier of passengers generally.'' In support of the rule are *Brown* v. *Winnwood Amusement Co.*, 225 Mo. App. 1180 [34 S. W. (2d) 149]; *Cooper* v. *Winnwood Amusement Co.*, (Mo. App.) 55 S. W. (2d) 737; *Best Park & Amusement Co.* v. *Rollins*, 192 Ala. 534 [68 So. 417, Ann. Cas. 1917D, 929]; *Tennessee State Fair Assn.* v. *Hartman*, 134 Tenn. 159 [183 S. W. 735]; *Sand Springs Park* v. *Schrader*, 82 Okl. 244 [198 Pac. 983, 22 A. L. R. 593]; *Bibeau* v. *Fred W. Pearce Corp.*, 173 Minn. 331 [217 N. W. 374]; 4 R. C. L., p. 1001. See, also, *Smith* v. *O'Donnell*, 215 Cal. 714, 719 [12 Pac. (2d) 933], where the reasoning of the O'Callaghan case is cited with approval. Upon these authorities we hold that there was no error in the instructions to the jury charging the appellant with the utmost care and diligence required of a common carrier of persons under section 2100 of the Civil Code.

■ The instruction applying the doctrine of *res ipsa loquitur* was proper under the rule of *Smith* v. *O'Donnell*,

*supra,* and *Godfrey* v. *Brown,* 220 Cal. 57 [29 Pac. (2d) 165].

The appellant complains that the verdict is excessive. Five thousand dollars was awarded for a broken leg, sprained wrist and general discomfort. There is nothing in the record, however, to indicate that the award was the result of passion or prejudice and we cannot say that it is so gravely disproportionate to the injury suffered that it should not be sustained.

Judgment affirmed.

Sturtevant, J., and Spence, J., concurred.