[Civ. No. 6804.   Fourth Dist.   Mar. 26, 1962.]

SARA KOHL et al., Plaintiffs and Appellants, v. DISNEY-
LAND, INC., et al., Defendants and Respondents.

Johnson & Johnson and Charles M. Snell for Plaintiffs and Appellants.

W. Mike McCray for Defendants and Respondents.

COUGHLIN, J.—The plaintiffs, the appellants herein, were injured while riding as passengers for hire in a transportation and amusement facility operated by the defendant, respondent herein, i.e., ''The Surrey with the Fringe on Top,'' when the horses drawing it became frightened and ran away, causing the surrey to tip over; brought this action to recover damages on account of such injuries; and appeal from the judgment in favor of the defendant, their previous motion for a new trial having been denied.

On the issue of liability, the plaintiffs confined their evidence to proof of the aforesaid occurrence and relied upon the inference furnished by an application of the doctrine of res ipsa loquitur that the occurrence was a proximate result of the negligent conduct of the defendant. In rebuttal the defendant introduced evidence to show the exercise of due care on its part with respect to the manner in which it selected, cared for, treated, used and drove the horses in question. The case was tried before a jury which found in favor of the defendant. The plaintiffs claim that the verdict thus rendered is not supported by substantial evidence. This contention raises the prime issue on appeal.

Under the rule of res ipsa loquitur, when applicable, upon a showing of the happening of an occurrence resulting in injury to the plaintiff, the law raises a special inference

that the proximate cause of the occurrence was some negligent conduct on the part of the defendant. (*Burr* v. *Sherwin Williams Co.*, 42 Cal.2d 682, 688 [268 P.2d 1041] ; *Zentz* v. *Coca Cola Bottling Co.*, 39 Cal.2d 436, 440 [247 P.2d 344].) In some instances, such as the case at bar, the doctrine is applied because of a special relationship existing between the plaintiff and defendant, i.e., that of passenger and carrier. (*Boyce* v. *California Stage Co.*, 25 Cal. 460, 467-469—stage coach; *Lawrence* v. *Green*, 70 Cal. 417, 419 [11 P. 750, 59 Am.Rep. 428] ; *Bush* v. *Barnett*, 96 Cal. 202, 203 [31 P. 2]— stage coach; *McComas* v. *Al. G. Barnes Shows Co.*, 215 Cal. 685, 697 [12 P.2d 630] ; *Smith* v. *O'Donnell*, 215 Cal. 714, 721-723 [12 P.2d 933] ; *Zentz* v. *Coca Cola Bottling Co.*, *supra*, 39 Cal.2d 436, 445; *Hardin* v. *San Jose City Lines, Inc.*, 41 Cal.2d 432, 436 [260 P.2d 63] ; *Rafter* v. *Dubrock's Riding Academy*, 75 Cal.App.2d 621 [171 P.2d 459].) When applicable, it imposes upon the defendant the obligation of explaining the cause of the occurrence, and rebutting the inference that it resulted from his negligent conduct. (*Burr* v. *Sherwin Williams Co.*, *supra*, 42 Cal.2d 682, 688; *Hardin* v. *San Jose City Lines, Inc.*, *supra*, 41 Cal.2d 432, 436.) If such a showing is not made by substantial evidence, judgment must be entered in favor of the plaintiff on the issue of liability as a matter of law. (*Scott* v. *Burke*, 29 Cal.2d 388, 389 [247 P.2d 313] ; *Dierman* v. *Providence Hospital*, 31 Cal.2d 290, 292 [188 P.2d 12] ; *Druzanich* v. *Criley*, 19 Cal.2d 439, 445 [122 P.2d 53] ; *Ales* v. *Ryan*, 8 Cal.2d 82, 99 [64 P.2d 409].) However, the doctrine does not impose upon the defendant the burden of proving that he was not negligent in the premises, or that the occurrence did not proximately result from any negligence on his part. (*Hardin* v. *San Jose City Lines, Inc.*, *supra*, 41 Cal.2d 432, 437 ; *Dierman* v. *Providence Hospital*, *supra*, 31 Cal.2d 290, 295; *Scarborough* v. *Urgo*, 191 Cal. 341, 346-347 [216 P. 584] ; *Schoenbach* v. *Key System Transit Lines*, 168 Cal.App.2d 302, 308 [335 P.2d 725].) The defendant merely has the burden of going forward with the evidence; the burden of presenting sufficient evidence to dispel or equally balance the inference of negligence raised by law. (*Danner* v. *Atkins*, 47 Cal.2d 327, 332 [303 P.2d 724] ; *Burr* v. *Sherwin Williams Co.*, *supra*, 42 Cal.2d 682, 691; *Hardin* v. *San Jose City Lines, Inc.*, *supra*, 41 Cal.2d 432, 437 ; *Scott* v. *Burke*, *supra*, 39 Cal.2d 388, 399; *Schoenbach* v. *Key System Transit Lines*, *supra*, 168 Cal.App.2d 302, 308.) He may meet this burden by presentation of proof that

he exercised due care in all areas which reasonably might have been a cause of the occurrence. (*Dierman* v. *Providence Hospital, supra,* 31 Cal.2d 290, 295.) In the instant case, because of the passenger-carrier relationship between the parties, the duty imposed upon the defendant was to exercise the utmost care and diligence, and the sufficiency of the proof offered to rebut the inference of negligence must be measured accordingly. (*Hardin* v. *San Jose City Lines, Inc., supra,* 41 Cal.2d 432, 437.) ▮ Granted the presentation of substantial evidence in the premises, the determination as to whether the inference of negligence has been dispelled, overcome or balanced ordinarily is for the trier of fact. (*Wolfsmith* v. *Marsh,* 51 Cal.2d 832, 835 [337 P.2d 70]; *Danner* v. *Atkins, supra,* 47 Cal.2d 327, 332; *Escola* v. *Coca Cola Bottling Co.,* 24 Cal.2d 453, 461 [150 P.2d 436]; *Druzanich* v. *Criley, supra,* 19 Cal.2d 439, 444; *McDonald* v. *Foster Memorial Hospital,* 170 Cal. App.2d 85, 103 [338 P.2d 607].) In the case at bar, if there is substantial evidence showing that the defendant exercised due care, in accord with the standard required of it, as to all probable causes of the accident which such care on its part might have prevented, the verdict of the jury must be upheld. (*Dierman* v. *Providence Hospital, supra,* 31 Cal.2d 290, 295.)

The plaintiffs, in their complaint, allege that the defendant so "negligently entrusted, managed, controlled, maintained and operated" the stage coach, heretofore described as "The Surrey with the Fringe on Top," as to proximately cause it to overturn. The evidence showed that one of the horses drawing the surrey became frightened and started to run; that the other horse followed; and that they ran to the end of the street, which was a scheduled terminus of the ride, but did not stop until a front wheel of the surrey hit the curb, causing it to tip over. The driver of the surrey was a man who had worked with horses all of his life; had worked for the defendant for three years; and had driven the team in question nearly every day during that time. All drivers at Disneyland are tested before hiring. The subject horses were specially selected; well trained; gentle in nature; had never shied or been unmanageable; had never run away; and had gone up and down Main Street in Disneyland, which was the course taken by the surrey, for three years, during which time they had travelled approximately 15,000 miles. At the time of the runaway there was quite a bit of activity on the street, with a number of people walking thereon as well as on the adjoining sidewalks. During the three-year period in

question more than five million people had ridden in horse-drawn vehicles at the defendant's amusement center.

It is apparent that the cause of the accident resulting in the injury to the plaintiffs was the frightening of one of the horses, the ensuing runaway, and the failure to stop before the surrey hit the curb. The evidence showed that the driver used due care at all times; that he was attentive to the horses; that when the runaway commenced he got them around obstacles in the street; that he tried to bring them to a halt; and that they slowed down shortly before the surrey overturned, although they had not come to a complete stop, and carried it onto the curbing. ■■■ Absent a special relationship which invokes the doctrine of res ipsa loquitur, the mere fact that horses run away is not evidence that their driver was negligent. (*Rowe* v. *Such,* 134 Cal. 573, 574-576 [66 P. 862, 67 P. 760].)

With one exception, there is no evidence as to the reason why the horse which started the runaway became frightened and shied. The supervisor in charge, who is a man with 15 years' experience in handling and driving horses, testified "we have come to the conclusion that there was something on that corner that scared one of these ponies"; that he did not know what the cause was; that what scares one horse will not scare another; that "You never know what a horse will be scared of"; and that horses are unpredictable and "have a mind of their own." The driver testified that, after reflecting upon the incidents preceding the accident, he believed the horse may have become frightened by the sight of a man on a ladder cleaning a street gas light; that some horses are frightened when they look up and see an object over their heads, and others are not; that the street lamps were cleaned in a similar manner on previous occasions; that he never had any horse he was driving shy because of a man working in the streets; that at the time of the runaway he did not know what caused it, but now that he looks back the presence of the man on the ladder is the only thing he "can think of that could cause it."

The evidence satisfactorily establishes the exercise of due care in the selection, use and treatment of the horses in question; that they had no vicious or runaway propensities but, to the contrary, were gentle and well behaved; that their driver was a capable and qualified person; that no act on his part caused the horses to run away; and that he exercised due

care in driving them and in an endeavor to bring them to a stop.

In the main, the plaintiffs are content to rest their claim that the evidence is insufficient to support the verdict upon the broad ground that the defendant has not shown that it had exercised the care required of it in all areas of conduct which might have been a cause of the accident, without directing our attention to any probable cause thereof. However, they do assert that the evidence concerning the presence of a man on a ladder at the place where the subject horse shied, if this be a cause of the accident, shows a lack of care by the defendant as a matter of law. Under the evidence the jury was entitled to find that this was not the cause of the accident and such a finding would foreclose any necessity of showing that the defendant had exercised the care required in the premises. On the other hand, if the jury concluded that the horse in question was frightened by the presence of the man on a ladder, the evidence is sufficient to support such a finding and also to support a further finding that the action of the defendant in permitting this man to clean the lamps in the manner and at the time and place in question, and the conduct of the driver under the circumstances, did not constitute a failure to exercise the requisite degree of care. This evidence alone is sufficient to rebut the inference under the rule directing such a result when there is ''an affirmative showing of a definite cause for the accident in which cause no element of negligence on the part of the defendant inheres.'' (*Bourguignon* v. *Peninsular Ry. Co.*, 40 Cal.App. 689, 694 [181 P. 669] ; *Dierman* v. *Providence Hospital, supra,* 31 Cal. 2d 290, 295.) Whether the practice of permitting street gas light cleaners to work while horses were being driven on the street where no runaway ever had occurred on account thereof, whether, in the light of facts he knew or should have known, any precautions should have been taken by the driver, or whether the manner in which he drove the surrey, constituted a breach of duty to exercise the ''utmost care and diligence'' (Civ. Code, § 2100), were questions of fact for the jury. (*McBride* v. *Atchison, Topeka & S.F. Ry. Co.*, 44 Cal.2d 113, 118 [279 P.2d 966] ; *Jansson* v. *National Steamship Co.*, 189 Cal. 187, 192 [208 P. 90] ; *Fox* v. *Oakland Consol. St. Ry.*, 118 Cal. 55, 61 [50 P. 25, 62 Am.St.Rep. 216].)

The plaintiffs also refer to the fact that the presence of a passing switch laid in the center of Main Street narrowed the roadway available for use by the surrey and suggest that this

may have been the cause of the accident; also to the fact that after the runaway commenced a singletree became disconnected and knocked against one of the front wheels, which may have disturbed the horses; but how these facts related to the initial frightening of the horse that started the runaway or to the accident does not appear. In any event, applying to these matters the same rationale applied to the contention respecting the lamp cleaner incident directs a finding in favor of the jury's verdict.

The evidence is sufficient to establish that the defendant exercised the care required of it with respect to all matters from which a lack of such care on its part might have been a probable cause of the runaway and the ensuing accident, and for this reason the judgment should be sustained.

Furthermore, the evidence is sufficient to dispel the inference of negligence raised initially by proof of the existence of the special relationship between the parties and the happening of the accident, when considered in the light of the requirements of the rule of res ipsa loquitur which are basic to the existence of such an inference. It is well established that the doctrine applies only where the evidence shows at least the probability that the subject accident could not have occurred without legal wrong on the part of the defendant. (*Stanford* v. *Richmond Chase Co.,* 43 Cal.2d 287, 292 [272 P.2d 764]; *Burr* v. *Sherwin Williams Co., supra,* 42 Cal.2d 682, 691; *Farber* v. *Olkon,* 40 Cal.2d 503, 510 [254 P.2d 520]; *Zentz* v. *Coca Cola Bottling Co., supra,* 39 Cal.2d 436, 441-444, 446; *Knell* v. *Morris,* 39 Cal.2d 450, 453 [247 P.2d 352]; *Raber* v. *Tumin,* 36 Cal.2d 654, 659 [226 P.2d 574]; *LaPorte* v. *Houston,* 33 Cal.2d 167, 169-170 [199 P.2d 665]; *Leet* v. *Union Pac. R.R. Co.,* 25 Cal.2d 605, 620 [155 P.2d 42, 158 A.L.R. 1008]; *Escola* v. *Coca Cola Bottling Co., supra,* 24 Cal.2d 453, 459; *Honea* v. *City Dairy, Inc.,* 22 Cal.2d 614, 617 [140 P.2d 369].) However, in the case at bar, the doctrine was applied and the inference of negligence arose upon proof of the existence of the passenger-carrier relationship between the plaintiffs and the defendants, and the happening of the accident. Thereupon, the defendant produced substantial evidence from which the jury was entitled to conclude that the probability that the accident was caused by the defendant's negligence did not exist, i.e., that it was just as probable that it was caused by some other factor. Thus, in view of the care exercised by the defendant in the selection, use, training and treat-

ment of the subject horses, and in selecting their driver, as well as the competency of and care exercised by the driver, the evidence supports the conclusion that it was probable that the horse was frightened by some person in the street; by the wearing apparel or unexpected movement of such a person which happened to attract its attention; as the result of a furtive prank; by some object which theretofore had caused it no concern; or by some similar event which reasonably could not have been anticipated. In those instances where the basis for application of the doctrine lies in a precedent determination of the probability that the subject occurrence was caused by the defendant's negligence, oftentimes, under the evidence, the question thus presented is one of fact upon which the finding of the jury is conclusive on appeal. (*Danner* v. *Atkins, supra,* 47 Cal.2d 327, 331; *Seneris* v. *Haas,* 45 Cal.2d 811, 823 [291 P.2d 915, 53 A.L.R.2d 124]; *DeMartini* v. *Alexander Sanitarium, Inc.,* 192 Cal.App.2d 442, 446 [13 Cal.Rptr. 564]; *Bauer* v. *Otis,* 133 Cal.App.2d 439, 445 [284 P.2d 133].)

Reason dictates that in determining whether the evidence sustains an implied finding of the jury that the inference of negligence raised by the application of the doctrine of res ipsa loquitur has been dispelled or balanced, its sufficiency to establish the probability that the subject occurrence was not the result of negligence or an equal probability that it may have been caused by the negligence of any one of two or more persons should be considered. (*Moore* v. *Belt,* 34 Cal.2d 525, 530 [212 P.2d 509]; *LaPorte* v. *Houston, supra,* 33 Cal.2d 167, 169-170; *Hernandez* v. *Southern California Gas Co.,* 213 Cal. 384, 388 [2 P.2d 360].) The evidence adequately supports the implied finding of the jury that the inference of negligence was dispelled or balanced.

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.