COUGHLIN, J.
 

 The defendant Kenneth Johnson, respondent herein, operated a stable and pack train facility under the name of Smoke Tree Ranch Stables; conducted guided tours by mule train over a scenic route from Palm Springs to Tahquitz Canyon; used mules as a means of transportation therefor; provided a guide to accompany the train; selected the route in question; offered the tour to the general public; and made a roundtrip charge therefor of $2.50 per person. The mules in the train were saddled and bridled; were not linked together by ropes or other devices; but were trained to and by habit followed one another along the selected route.
 
 *491
 
 Bach person taking the tour was mounted on one of the mules and held the reins which were attached to the bridle.
 

 In April 1958, the plaintiff, appellant herein, paid the defendant $2.50 for the privilege of going on one of these tours; was assigned a mule named Jezebel; was injured during the course of the tour when Jezebel fell; and brought this action for damages on a negligence theory. A trial by jury was held; the plaintiff contended that the defendant was a common carrier and offered instructions on the degree of care required by the latter based on this contention; the court refused to give the offered instructions; a verdict was rendered in favor of the defendant; and the plaintiff appeals from the judgment which followed, contending that the refusal to instruct as requested was error.
 

 The sole issue for determination on appeal, as presented by the parties hereto through their briefs and a concise agreed statement, is whether, under the facts heretofore set forth, the defendant was a common carrier. Primarily the question involved is whether the relationship arising out of the transaction between the plaintiff and the defendant is based on an agreement of carriage or an agreement of hire. In substance, the plaintiff claims that he purchased a ride and the defendant claims that he rented a mule. Under the circumstances of this case, if the former is correct the defendant was a carrier, whereas, if the latter is correct the defendant was a bailor. In thus outlining the issues on appeal it should be noted that the defendant makes no contention that his mule train service was of a private rather than a public character;
 
 [1]
 
 that the refusal to give the requested instructions was proper on any ground other than that the facts did not support the carrier theory; or that such refusal, if error, was not prejudicial.
 

 The defendant contends that he was not a carrier of any kind; that he operated a stable; that the contract between himself and the plaintiff was one of hire; that the relationship between them was that of bailor-bailee; and relies upon the rule that applies the standard of ordinary care to the duty imposed upon the letter of a mule to select an animal that is safe and suitable for the purpose of the hiring, citing
 
 Palm
 
 
 *492
 

 quist
 
 v.
 
 Mercer,
 
 43 Cal.2d 92, 99 [292 P.2d 26];
 
 Dam
 
 v.
 
 Lake Aliso Riding School,
 
 6 Cal.2d 395, 399 [57 P.2d 1315];
 
 Kersten
 
 v.
 
 Young,
 
 52 Cal.App.2d 1, 6 [125 P.2d 501], The basis for this contention is that, at the time of the accident in question, the defendant had no control over the movements of the subject mule because the reins of its bridle then were in the hands of the plaintiff; that the latter had such control; and that the common carrier rule requiring the exercise of utmost care is applied only where the person charged has control over the agency that caused the injury.
 

 The argument thus advanced is not directed to the relationship between the plaintiff and the defendant; considers a superficial circumstance; and is unsound. The provisions of sections 2168 and 2100 of the Civil Code are pertinent to the issue at hand; the first thereof provides that: “Every one who offers to the public to carry persons ... is a common carrier . . .”; and the second thereof directs that: “A carrier of persons for reward must use the utmost care and diligence for their safe carriage, must provide everything necessary for that purpose, and must exercise to that end a reasonable degree of skill.”
 

 The defendant operated a mule train for the purpose of taking passengers over a designated route between fixed termini, i.e., Palm Springs and Tahquitz Palls, for a roundtrip fare of $2.50 per person; chose the animals to be used for this purpose; furnished whatever equipment was necessary; selected the trail over which they were to travel; trained them to follow one another along this trail; and employed a guide to act as conductor. The only reasonable conclusion to be drawn from these facts is that a person who paid a roundtrip fare for the purpose of being conducted by mule over the designated route between fixed termini, purchased a ride; that the defendant offered to carry such a person by mule along that route between these termini; and that the transaction between them constituted an agreement of carriage.
 

 The fact that the plaintiff held the reins attached to the bridle of the mule while he was riding, did not change the character of the agreement from that of carriage to that of hiring. This was a method of operation chosen by the defendant to effect the carriage in question; a contemplated part of the transaction; and an incident to the contract. That a passenger may have some control over factors involved in an injury received by him while he is a passenger, such control being within reasonable contemplation of the contract o|
 
 *493
 
 carriage, does not change the relationship between him and the carrier, nor relieve the latter of the obligation to exercise the utmost care. (See
 
 McBride
 
 v.
 
 Atchison, Topeka & S. F. Ry. Co.,
 
 44 Cal.2d 113, 116 [279 P.2d 966]—passenger slipping on cigarette butt while descending car steps;
 
 Kline
 
 v.
 
 Santa Barbara etc. Ry. Co.,
 
 150 Cal. 741, 743-744 [90 P. 125] —passenger could have held on to a bar when car in which he was riding went around a curve;
 
 Lawrence
 
 v.
 
 Green,
 
 70 Cal. 417, 421 [11 P. 750, 59 Am.Rep. 428]—passenger jumping to avoid injury;
 
 Dinnigan
 
 v.
 
 Peterson,
 
 3 Cal.App. 764, 767 [87 P.
 
 218]—Id.; Jamison
 
 v.
 
 San Jose & S. C. R. R. Co.,
 
 55 Cal. 593, 597—passenger walking along planked walk while changing trains;
 
 Hendershott
 
 v.
 
 Macy’s,
 
 158 Cal.App.2d 324, 329 [322 P.2d 596]—availability to passenger on escalator of opportunity to hold onto hand rail;
 
 Troutman
 
 v.
 
 Los Angeles Transit Lines,
 
 82 Cal.App.2d 183, 185 [185 P.2d 616]—passenger tripping over baggage in the aisle;
 
 Greenleaf
 
 v.
 
 Briggs,
 
 78 Cal.App.2d 720 [178 P.2d 459]-—passenger injured while alighting from bus;
 
 Barr
 
 v.
 
 Venice Giant Dipper Co., Ltd.,
 
 138 Cal.App. 563 [32 P.2d 980]—minor stepping out of scenic railway in motion.) Such a circumstance may be pertinent to a consideration of the issue of contributory negligence (see
 
 Hendershott
 
 v.
 
 Macy’s, supra,
 
 158 Cal.App.2d 324, 329;
 
 Troutman
 
 v.
 
 Los Angeles Transit Lines, supra,
 
 82 Cal.App.2d 183, 186), or an application of the doctrine of res ipsa loquitur
 
 (Zents
 
 v.
 
 Coca Cola Bottling Co.,
 
 39 Cal.2d 436, 444 [247 P.2d 344];
 
 Prunty
 
 v.
 
 Allred,
 
 73 Cal.App.2d 67, 71 [165 P.2d 935]), but does not reduce the degree of care imposed by law upon the carrier.
 

 From the plaintiff’s brief on appeal and from his complaint it appears that he contended that the defendant was negligent in selecting the subject mule as a unit of the mule train, i.e., that it was not fit or suitable to ride over the terrain in question, and in selecting the trail used by the train, i.e., that it was a dangerous and hazardous route; that in making such selection the defendant was required to exercise the utmost care; and that the requested instructions were pertinent to this theory of the case.
 

 It is the duty of a common carrier to exercise the utmost care in selecting and training mules used as an agency for the carriage
 
 (Jamison
 
 v.
 
 San Jose & S. C. R. R. Co., supra,
 
 55 Cal. 593, 597;
 
 Fairchild
 
 v.
 
 California Stage Co.,
 
 13 Cal. 599, 603); in providing reasonably safe equipment
 
 (Treadwell
 
 v.
 
 Whittier,
 
 80 Cal. 574, 585, 595 [22 P. 266, 13
 
 *494
 
 Am.St.Rep. 175, 5 L.R.A. 498]
 
 ; Hendershott
 
 v.
 
 Macy’s, supra,
 
 158 Cal.App.2d 324, 329;
 
 Pontecorvo
 
 v.
 
 Clark,
 
 95 Cal.App. 162, 176 [272 P. 591]); and in choosing a safe route.
 
 (Jamison
 
 v.
 
 San Jose & S. C. R. R. Co., supra,
 
 55 Cal. 593, 597;
 
 Parker
 
 v.
 
 City & County of San Francisco,
 
 158 Cal.App.2d 597, 603-604 [323 P.2d 108].) The plaintiff had no control over the selection or training of the mules used in the mule train or of the route over which they traveled. If there was a latent danger attendant upon passage over that part of the trail where the accident took place, the guide, as the defendant’s employee, was required to exercise the utmost care to ascertain such danger and warn the passengers thereof,
 
 (Jamison
 
 v.
 
 San Jose & S. C. R. R. Co., supra,
 
 55 Cal. 593, 597;
 
 Dinnigan
 
 v.
 
 Peterson, supra,
 
 3 Cal.App. 764, 767.)
 

 The principles applied in
 
 Jamison
 
 v.
 
 San Jose & S. C. R. R. Co., supra,
 
 55 Cal. 593, 597, are singularly significant to a consideration of the situation at hand. In that case the passenger was injured while walking along a planked walkway superimposed over railroad tracks spanning an excavation which had been made in the course of construction; was required to use this walkway to get from one train to another in the course of her passage, as the track over the excavation would not hold the weight of the cars; had used this walkway on prior occasions and was familiar therewith; and was injured when she fell therefrom into the excavation while crossing at night. The court held that the railroad was under a duty to exercise the utmost care to provide safe passage over the walkway.
 

 The degree of care which governs the action of a letter of animals does not apply to the case at bar. The refusal to give instructions applying the utmost care standard was error.
 

 The judgment is reversed.
 

 Shepard, Acting P. J., and Stone, J.,
 
 *
 
 concurred.
 

 [1]
 

 ‘‘At common law, the distinguishing characteristic of a common carrier was that he held himself out to the public at large, or, in other words, that he offered his services to the public generally.” (9 Cal.Jur.2d 652; in accord:
 
 Forsyth
 
 v.
 
 San Joaquin Light etc. Cory.,
 
 208 Cal. 397, 404-406 [281 P. 620].) The agreed, settled statement of facts indicates .that the defendant used his mule train “to take persons of the general public from the vicinity of Palm Springs, California to Tahquitz Falls, ’ ’
 

 *
 

 Assigned by Chairman of Judicial Council.