Gary **NEUBAUER** and Donna Neubauer, Plaintiffs,

v.

**DISNEYLAND, INC., Walt Disney, Inc. dba Disneyland; Disneyland; Disneyland International; The Walt Disney Company, Defendants.**

No. SACV 94–841 GLT.

United States District Court, C.D. California, Southern Division.

Feb. 8, 1995.

Drew R. Antablin, Cheong & Denove, Los Angeles, CA, for plaintiffs.

Stephen T. Waimey, Mercedes Cruz, Larry R. Schmadeka, Lewis, D'Amato, Brisbois & Bisgaard, Los Angeles, CA, for defendants.

## ORDER DENYING MOTION TO DISMISS

TAYLOR, District Judge.

The court holds that, under California's broad common carrier statute, a Disneyland amusement park ride may be a common carrier, having a duty of utmost care and diligence.

### I. *BACKGROUND*

Plaintiff patrons at Disneyland in Anaheim, California, claim personal injuries when their boat on the popular "Pirates of the Caribbean" amusement ride was rammed from behind by another boat. They sue under negligence and common carrier liability theories.

Disneyland moves to dismiss the common carrier claim contending, as a matter of law, its amusement park ride is not a common carrier.

### II. *ANALYSIS*

California law imposes a duty of utmost care and diligence upon a common carrier of paying passengers. California Civil Code, § 2100.

Courts nationwide have struggled with the degree of care owed by an amusement park ride operator. Some have held that common carrier liability is appropriate, while others have concluded that a lesser standard of care is owed. See cases collected in annotations at 86 A.L.R.2d 350, and 66 A.L.R.2d 689. Apparently no California case has directly addressed the subject.[1]

California has a specific statute broadly defining a common carrier. Since the 1870s, California Civil Code section 2168 has provided: "Every one who offers to the public to carry persons, property, or messages, excepting only telegraphic messages, is a com-

mon carrier of whatever he thus offers to carry."

Under this broad definition, several California cases have held that certain attractions analogous to amusement park rides are common carriers. *McIntyre v. Smoke Tree Ranch Stables,* 205 Cal.App.2d 489, 23 Cal. Rptr. 339 (1962), found common carrier status in a guided tour mule ride carrying sightseeing passengers over a designated route between fixed points for a roundtrip fare. More recently, *Squaw Valley Ski Corp. v. Superior Court,* 2 Cal.App.4th 1499, 3 Cal. Rptr.2d 897 (1992), *reh'g denied and opinion modified* (1992), *rev. denied* (1992), imposed common carrier status on a chair lift carrying skiers at a fixed rate from the bottom to the top of the ski run.

Under plaintiffs' allegations, Disneyland's amusement park boat ride falls within California's broad statutory definition of a common carrier. At the "Pirates of the Caribbean," defendant offered to the public to carry patrons. Under these allegations, the duty of utmost care and diligence would apply to Disneyland.

A reasonable argument can be made that common carrier status should not apply to an amusement park ride because it is not the traditional kind of "transportation" historically contemplated by the common carrier theory, with the main purpose being entertainment rather than travel. However, the California statutory common carrier definition is very broad. Any narrowing of that definition must be for the legislature and not the court.

### III. *DISPOSITION*

Disneyland's motion to dismiss the common carrier claim is DENIED.

---

1. In *Pontecorvo v. Clark,* 95 Cal.App. 162, 272 P. 591 (1928), the court treated a rollercoaster ride as a common carrier, but that was because defense counsel *conceded* that status, and the issue was not decided by the court. Later, the court in

*Davidson v. Long Beach Pleasure Pier Co.,* 99 Cal.App.2d 384, 221 P.2d 1005 (1950), applied a negligence standard to a "tilt-a-whirl" amusement ride, but the common carrier issue was not before the court.