1 Cal.Rptr.3d 860 (2003)
110 Cal.App.4th 667
Johana GOMEZ, as Administrator, etc. Petitioner,
v.
The SUPERIOR COURT of Los Angeles County, Respondent;
The Walt Disney Company et al., Real Parties in Interest.
No. B163651.
Court of Appeal, Second District, Division Eight.
July 14, 2003.
Review Granted November 12, 2003.
*861 Barry B. Novack, Beverly Hills, for Petitioner.
No appearance for Respondent.
Snell & Wilmer, Richard A. Derevan and Janet Hickson, Irvine, for Real Parties in Interest.
COOPER, P.J.
"Every one who offers to the public to carry persons, property, or messages, excepting only telegraphic messages, is a common carrier of whatever he thus offers to carry." (Civ.Code, § 2168.)[1] The question we must decide is whether the operator of a certain amusement park ride is a common carrier under this definition.
We answer the question in the affirmative and grant a petition for writ of mandate challenging an order sustaining without leave to amend demurrers to two causes of action seeking to hold the operator of such a ride liable under two statutes applicable to common carriers.

FACTUAL AND PROCEDURAL HISTORY
Because this writ proceeding concerns a trial court ruling at the pleading stage, we take the factsincluding the description of the amusement park ride at issuefrom the complaint, the allegations of which are deemed true for the limited purpose of determining whether plaintiff has stated viable causes of action. (Stevenson v. Superior Court (1997) 16 Cal.4th 880, 885, 66 Cal.Rptr.2d 888, 941 P.2d 1157.)
In June 2000, Cristina Moreno, a young woman from Spain on her honeymoon, sustained a serious brain injury while riding the Indiana Jones attraction at the Disneyland theme park in Anaheim. She died a little over two months later.
In September 2001, Moreno's estate filed this action against The Walt Disney Company and numerous related entities (collectively Disney).[2] The first amended complaint contained numerous causes of action, including two based on sections 2100 and 2101, both of which apply to common carriers who carry persons for reward (hereafter the common carrier causes of action).[3]
*862 Disney demurred to the common carrier causes of action in the first amended complaint. At the hearing on the demurrer, the trial court expressed its belief that the common carrier statutes did not apply to an amusement park ride where the transportation of persons was merely an "incidental consequence of what is essentially entertainment and a thrill ride...."[4] The court sustained the demurrers, but it gave the estate leave to amend.
The estate then filed a second amended complaint. In connection with the common carrier causes of action, the only change from the prior complaint was the addition of some language purporting to explain how the Indiana Jones attraction operates. Among other things, the paragraph states that "[t]he Indiana Jones Attraction consists of a dynamic ride vehicle which is used to enhance the sensation of vehicle motion and travel experience by passengers in the vehicle.... The vehicle is configured to resemble an off-road jeep. The vehicle is moved along a predetermined path on a track."
Disney again demurred. After hearing additional argument, the court sustained the demurrers, this time without leave to amend.
Moreno's estate then filed the instant writ petition challenging the trial court's ruling. We issued an order to show cause, received additional briefing and heard oral argument.

DISCUSSION
"Where, as here, the issue presented is one of statutory construction, our fundamental task is `to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute.' [Citations.] We begin by examining the statutory language because it generally is the most reliable indicator of legislative intent. [Citation.] We give the language its usual and ordinary meaning, and `[i]f there is no ambiguity, then we presume the lawmakers meant what they said, and the plain meaning of the language governs.' [Citation.] If, however, the statutory language is ambiguous, 'we may resort to extrinsic sources, including the ostensible objects to be achieved and the legislative history.' [Citation.] Ultimately we choose the construction that comports most closely with the apparent-intent of the lawmakers, with a view to promoting rather than defeating the general purpose of the statute. [Citations.] Any interpretation that would lead to absurd consequences is to be avoided. [Citation.]" (Allen v. Sully-Miller Contracting Co. (2002) 28 Cal.4th 222, 227, 120 Cal.Rptr.2d 795, 47 P.3d 639, third brackets in original.)
Section 2168 provides: "Every one who offers to the public to carry persons, property, or messages, excepting only telegraphic messages, is a common carrier of whatever he thus offers to carry."[5] This is a very broad definition which, on its face, applies to Disney as operator of the *863 Indiana Jones attraction.[6] Disney "offers to the public to carry persons" on its Indiana Jones attraction. Therefore, under the plain language of the statute, it is a common carrier.
Citing the principle that the "words of a statute are to be interpreted in the sense in which they would have been understood at the time of the enactment" (People v. Cruz (1996) 13 Cal.4th 764, 775, 55 Cal. Rptr.2d 117, 919 P.2d 731), Disney claims section 2168 cannot be construed to apply to amusement park rides such as the Indiana Jones attraction because such rides "were unknown when section 2168 was enacted." The Supreme Court, however, rejected such an argument more than 70 years ago. (See Smith v. O'Donnell (1932) 215 Cal. 714, 717, 12 P.2d 933 ["If the craft [an airplane] be employed as a common carrier vehicle, it is not a reason for applying different rules of liability to say that it and the industry is new. If too new, a conclusion we think unfounded, should not its owner either decline to use it for the purpose, or assume the liability incident to the use to which he puts it?"].) Indeed, the common carrier statutes have been applied to numerous modes of transportation that were unknown in 1872. (See, e.g., Hendershott v. Macy's (1958) 158 Cal.App.2d 324, 327-328, 322 P.2d 596 [department store operating escalator is common carrier]; 4 New Encyclopedia Britannica (15th ed.1988) pp. 553-554 [moving staircase was invented in 1891 and was first referred to as escalator in 1900]; Smith v. O'Donnell, supra, 215 Cal. at pp. 716-720, 12 P.2d 933 [airplane operator was common carrier]; 28 New Encyclopedia Britannica (15th ed.1988) pp. 827-828 [Wright brothers conducted first airplane flight in 1903].)[7]
There is at least one California decision holding that the operator of an amusement park ride can be held liable as a common carrier. In Barr v. Venice Giant Dipper Co., Ltd. (1934) 138 Cal.App. 563, 563-564, 32 P.2d 980, the Court of Appeal held that one of the common carrier statutes at issue in this action (§ 2100) was properly applied to the operator of what the court described as a "roller coaster" and a "miniature scenic railway."
And in Kohl v. Disneyland, Inc. (1962) 201 Cal.App.2d 780, 20 Cal.Rptr. 367, a case involving passengers on "The Surrey with the Fringe on Top" amusement park ride who were injured when the horses drawing it became frightened and ran away, causing the surrey to tip over, the Court of Appeal noted (albeit in dicta) that "because of the passenger-carrier relationship between the parties, the duty imposed upon the defendant was to exercise the utmost care and diligence" (id. at p. 784, 20 Cal.Rptr. 367), which is the standard imposed by section 2100. (See also id. at p. 786, 20 Cal.Rptr. 367 [referencing the "duty to exercise the `utmost care and diligence'" and citing section 2100].)
These cases were decided long ago, yet the Legislature has not seen fit to amend section 2168.[8] (See Hamilton v. Asbestos *864 Corp. (2000) 22 Cal.4th 1127, 1141, 95 Cal. Rptr.2d 701, 998 P.2d 403, fn. 10 ["In the 11 years since the court issued that invitation, other courts have construed the statute in the same way but the Legislature has not seen fit to amend it"].)
More recently, a federal district court applying California law held that the common carrier statutes applied in a case involving injuries sustained on the Disneyland attraction "Pirates of the Caribbean." (Neubauer v. Disneyland, Inc. (C.D.Cal. 1995) 875 F.Supp. 672 (Neubauer).) The court relied on the "very broad" statutory definition of common carrier in section 2168, and noted that amusement park attractions are analogous to guided tour mule rides and ski lifts, both of which have been held to give rise to common carrier liability. (McIntyre v. Smoke Tree Ranch Stables (1962) 205 Cal.App.2d 489, 23 Cal. Rptr. 339 [mule train guided tour]; Squaw Valley Ski Corp. v. Superior Court (1992) 2 Cal.App.4th 1499, 1506-1510, 3 Cal. Rptr.2d 897 [ski resort chair lift].)
The district court concluded its opinion with the following statement: "A reasonable argument can be made that common carrier status should not apply to an amusement park ride because it is not the traditional kind of `transportation' historically contemplated by the common carrier theory, with the main purpose being entertainment rather than travel. However, the California statutory common carrier definition is very broad. Any narrowing of that definition must be for the [Legislature and not the court." (Neubauer, supra, 875 F.Supp. at p. 673.)
Disney claims construing section 2168 as applying to amusement part rides is inappropriate because some "statutes relevant to common carriers simply cannot be sensibly applied to an amusement ride...." Disney cites sections 2104, 2172 and 2184.[9] We see no problem applying these statutes to amusement park rides. Obviously, these statutes have to be applied in the context of the mode of transportation in question. For example, a "reasonable rate of speed" (§ 2104) will vary, depending on whether the mode of transportation is a city bus or an amusement park roller coaster. And even if a particular requirement does not easily apply in the context of an amusement park ride, that in itself is not reason to ignore the clear language of section 2168.
Disney also claims that, "if [it] is a carrier at all, it is a private carrier" to whom the common carrier statutes do not apply. It is true that the law distinguishes between "common" and "private" carriers (see Samuelson v. Public Utilities Com. (1951) 36 Cal.2d 722, 730, 227 P.2d 256 (Samuelson); Webster v. Ebright, supra, 3 Cal.App.4th 784, 787-788, 4 Cal.Rptr.2d 714), but the definition of a common carrier is contained in section 2168 and, as discussed above, Disney fits that definition in the context of this case. The fact Disney may impose certain height, weight or other restrictions for its rides does not mean it is not a common carrier. (See Samuelson, supra, 36 Cal.2d at p. 729, 227 P.2d 256 [common carrier may refuse to carry goods for "some just ground"].)
*865 In sum, we hold that, based on the broad statutory language, Disney is a common carrier under section 2168 when it operates the Indiana Jones attraction as described in the operative complaint in this action.

DISPOSITION
The petition for writ of mandate is granted. The respondent court is directed to (1) vacate its order of December 11, 2002, sustaining without leave to amend the demurrers to the fourth and fifth causes of action in the second amended complaint, and (2) enter a new and different order overruling the demurrers. Petitioners are entitled to recover their costs in this writ proceeding. (Cal. Rules of Court, rule 56.4.)
We concur: RUBIN, J., and BOLAND, J.
NOTES
[1] All undesignated statutory references are to the Civil Code.
[2] The estate's administrator purported to file the action also on behalf of Moreno's heirs. For simplicity, we shall refer only to the estate.
[3] Section 2100 provides: "A carrier of persons for reward must use the utmost care and diligence for their safe carriage, must provide everything necessary for the purpose, and must exercise to that end a reasonable degree of skill."

Section 2101 provides: "A carrier of persons for reward is bound to provide vehicles safe and fit for the purpose to which they are put, and is not excused for default in this respect by any degree of care."
These sections apply to common carriers for reward. (E.g., Platzer v. Mammoth Mountain Ski Area (2002) 104 Cal.App.4th 1253, 1257, 128 Cal.Rptr.2d 885 [§ 2100]; Webster v. Ebright (1992) 3 Cal.App.4th 784, 4 Cal. Rptr.2d 714 [same]; Gradus v. Hanson Aviation, Inc. (1984) 158 Cal.App.3d 1038, 1049, 205 Cal.Rptr. 211 [§ 2101]; Cooper v. National Railroad Passenger Corp. (1975) 45 Cal. App.3d 389, 396, 119 Cal.Rptr. 541 [same].)
[4] At the same time, the court appeared to acknowledge that, "[i]f you read [section 2168] literally, even though it's counter-intuitive, ... it meets the statutory] [definition]."
[5] With one minor exception, the statutory language has not changed since section 2168 was enacted in 1872. The only change occurred in 1873, when the Legislature created the exception for carriers of telegraphic messages.
[6] Hereafter, any references to Disney as a common carrier or to application of section 2168 to Disney should be construed as applying to Disney only insofar as it operates the Indiana Jones attraction at issue in this writ proceeding.
[7] Disney's argument is analogous to a claim that the Fourth Amendment proscription against unreasonable searches and seizures should not apply to wiretapping because wire-tapping was "an unknown possibility at the time the Fourth Amendment was adopted." (Katz v. United States (1967) 389 U.S. 347, 366, 88 S.Ct. 507, 19 L.Ed.2d 576 (dis. opn. of Black, J.).)
[8] As noted above (see ante, fn. 5), the Legislature amended section 2168 in 1873 by excepting carriers of telegraphic messages from its application.
[9] Section 2104 provides: "A carrier of persons for reward must travel at a reasonable rate of speed, and without any unreasonable delay, or deviation from his proper route."

Section 2172 provides: "A common carrier must start at such time and place as he announces to the public, unless detained by accident or the elements, or in order to connect with carriers on other lines of travel."
Section 2184 provides in pertinent part: "A common carrier of persons must provide a sufficient number of vehicles to accommodate all the passengers who can be reasonably expected to require carriage at any one time."